United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 22, 2003**

Charles R. Fulbruge III
Clerk

REVISED SEPTEMBER 26, 2003

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 03-10258
Summary Calendar

———————————

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

JOSE MAURICIO MENDEZ-VILLA,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas

-------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:

    Jose Mauricio Mendez-Villa entered a guilty plea to a charge
of being found illegally in the United States subsequent to his
February 1994 deportation.  The presentence report ("PSR")
recommended, pursuant to U.S.S.G. § 2L1.2(b)(1)(A), a sixteen-
level increase to Mendez-Villa's base offense level of eight.
The increase was applied because Mendez-Villa had been deported
subsequent to a conviction for a felony drug-trafficking offense,
i.e., aggravated unlawful possession with intent to deliver a

controlled substance, for which Mendez-Villa had been sentenced to five years' imprisonment.

Mendez-Villa objected to the proposed increase, arguing that he had actually served fewer than thirteen months for his drug conviction and under U.S.S.G. § 2L1.2(b)(1)(B) and U.S.S.G. § 2L1.2, comment. (n.1), only a twelve-level increase was warranted. The district court overruled the objection, and Mendez-Villa timely appealed.

Mendez-Villa challenges the sixteen-level increase that was applied to his base offense level pursuant to U.S.S.G. § 2L1.2(b)(1)(A). He contends that the "sentence imposed" for his felony drug trafficking conviction did not exceed thirteen months. Mendez-Villa admits that he was sentenced to five years' imprisonment for the felony drug offense. He explains, however, that he was released on parole after having served only four months. He argues that the "sentence imposed" does not include the portion of his sentence that he spent on parole. Mendez-Villa relies on Application Note (1)(A)(iv) to U.S.S.G. § 2L1.2 for the proposition that a paroled sentence is a sentence that has been suspended, deferred, or stayed.

The Government argues that "sentence imposed" means the sentence pronounced by the court at sentencing. The Government asserts that if the Sentencing Commission had wished to include parole in the list of events that affected the "sentence imposed" under U.S.S.G. § 2L1.2(b)(1), it could have done so. The

Government argues that Application Note (1)(A)(iv) to U.S.S.G.
§ 2L1.2 addresses matters that occur in the sentencing court and
not matters handled by an entity distinct from the sentencing
court, such as a parole board.  The Government urges adoption of
the Eighth Circuit's reasoning in United States v. Rodriguez-
Arreola, 313 F.3d 1064, 1065, 1067 (8th Cir. 2002).

Section 2L1.2(b)(1), U.S.S.G., provides in pertinent part:

> "If the defendant previously was deported, or
> unlawfully remained in the United States,
> after---
>
> (A)  a conviction for a felony that is
>      (i) a drug trafficking offense for which
>      the sentence imposed exceeded 13 months;
>      . . . increase by 16 levels;
>
> (B)  a conviction for a felony drug
>      trafficking offense for which the
>      sentence imposed was 13 months or less,
>      increase by 12 levels."

Application Note (1)(A)(iv) to U.S.S.G. § 2L1.2 provides:  "If
all or any part of a sentence of imprisonment was probated,
suspended, deferred, or stayed, 'sentence imposed' refers only to
the portion that was not probated, suspended, deferred, or
stayed."

We analyze the Guidelines under the rules that apply to the
interpretation of statutes.  United States v. Boudreau, 250 F.3d
279, 285 (5th Cir. 2001).  The text of the guideline is the
starting point in the analysis; the commentary is considered
authoritative.  Id.  We use "a plain-meaning approach" in our
interpretation of the Sentencing Guidelines.  Id.  Our review of

issues of statutory interpretation is <u>de novo</u>.  <u>United States v. Perez-Macias</u>, 335 F.3d 421, 425 (5th Cir. 2003).

In <u>Rodriguez-Arreola</u>, 313 F.3d at 1065, the appellant was convicted of a felony drug trafficking offense and was sentenced to an "'indeterminate period' of not less than eight months nor more than five years."  <u>Id.</u> at 1065.  He was paroled and deported after serving eight months.  <u>Id.</u>  Following his plea of guilty to a charge of illegal reentry to the United States, the district court applied to his base offense level a sixteen-level increase pursuant to U.S.S.G. § 2L1.2(b)(1)(A).  <u>Id.</u>  Rodriguez-Arreola challenged the increase on the grounds that the "sentence imposed" for his drug conviction was less than thirteen months. <u>Id.</u> at 1066.  The Eighth Circuit held that the "sentence imposed" was the maximum term imposed in an indeterminate sentence.  <u>Id.</u> at 1067; <u>see</u> <u>United States v. Frias</u>, 338 F.3d 206, 208, 212 (3d Cir. 2003) (holding that the sentence imposed is the maximum term of imprisonment in an indeterminate sentence).

The Guideline uses the term "sentence imposed."  U.S.S.G. § 2L1.2(b)(1)(A) & (B).  Application Note (1)(a)(IV), U.S.S.G. § 2L1.2, excepts from the "sentence imposed" any portions of the sentence that were "probated, suspended, deferred, or stayed." Application Note (1)(a)(IV), U.S.S.G. § 2L1.2, does not include parole in its list of exceptions.  The plain language of the Guidelines and the authoritative commentary indicate that any portion of the sentence spent on parole shall be included in the

calculation of the "sentence imposed" per U.S.S.G. § 2L1.2(b)(1). See Boudreau, 250 F.3d at 285.

Mendez-Villa also contends that the felony conviction that resulted in his increased sentence was an element of the offense that should have been charged in the indictment. He acknowledges that his argument is foreclosed by the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review in light of the decision in Apprendi v. New Jersey, 530 U.S. 466 (2000). Mendez-Villa's contention lacks merit. Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

The judgment of the district court is AFFIRMED.