F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**FEB 27 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANGEL GARIBAY-ANGUIANO, also
known as Angel Anguione-Gariba,
also known as Jose Barajas, also
known as Arturo Ortiz, also known as
Roland Palomass, also known as
Arturo Valencia,

Defendant - Appellant.

No. 03-4148
(D. Ct. No. 1:03-CR-21-DAK)
(D. Utah)

───────────────

**ORDER AND JUDGMENT** *

───────────────

Before **TACHA** , Chief Circuit Judge,   **BRISCOE**  and **HARTZ** , Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

───────────────

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant-Appellant Angel Garibay-Anguiano pleaded guilty to one count of violating 8 U.S.C. § 1326, re-entry into the United States of a previously removed alien. On appeal, Mr. Garibay-Anguiano challenges the sufficiency of the indictment and the application of the U.S. Sentencing Guidelines Manual (2002) ("U.S.S.G." or "the Guidelines"). We take jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), AFFIRM the judgment of the district court, and GRANT Jon D. Williams's motion to withdraw as counsel.

## I. BACKGROUND

After Mr. Garibay-Anguiano pleaded guilty to violating 8 U.S.C. § 1326, the government moved for a sentence enhancement under subsection b. *See* 8 U.S.C. § 1326(b) (authorizing increased sentences for certain criminal activity or suspected terrorist involvement committed by aliens who were previously removed from the United States). The district court adopted the government's recommendation, which closely followed that of the pre-sentencing report. Next, the district court, pursuant to the Guidelines, calculated Mr. Garibay-Anguiano's offense level at twenty-one and issued a fifty-seven-month sentence, the lowest time permitted for this offense level. Mr. Garibay-Anguiano did not object to the indictment or sentence enhancement before the district court.

On appeal, Mr. Garibay-Anguiano, appearing pro se and through court-

appointed counsel,[1] raises two general issues for consideration by this Court.[2] First, he challenges the sufficiency of his indictment because he believes it fails to state in a plain, clear, and concise manner all of the charges against him. Second, Mr. Garibay-Anguiano contends that the district court improperly calculated his sentence enhancement. We address these arguments in turn.

## II. STANDARD OF REVIEW

Because Mr. Garibay-Anguiano raised neither of his issues on appeal in the district court, we review them for plain error. *United States v. Ruiz-Gea*, 340 F.3d 1181, 1185 (10th Cir. 2003). "To notice plain error . . . the error must (1) be an actual error that was forfeited; (2) be plain or obvious; and (3) affect substantial rights . . . ." *United States v. Edgar*, 348 F.3d 867, 871 (10th Cir. 2003). Even if these conditions are satisfied, we have discretion to reverse only if the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id*.

---

[1]Mr. Garibay-Anguiano's court-appointed counsel, Mr. Williams, filed a motion for leave to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967). In his brief to this Court, Mr. Williams provided a succinct description of Mr. Garibay-Anguiano's claims and stated that, in his view, this appeal is meritless and frivolous. Finding that counsel has satisfied his obligations under *Anders*, we GRANT Mr. Williams's motion.

[2]In his brief, Mr. Garibay-Anguiano denotes five separate grounds for appeal. Four of these grounds, however, contest the adequacy of his indictment. Thus, we discuss them together.

III.  SUFFICIENCY OF THE INDICTMENT

Mr. Garibay-Anguiano argues that his indictment failed to contain the clarity and specificity necessary to avoid constitutional error because it failed to reference subsection b of 8 U.S.C. § 1326 or the factors set forth therein, which the government relied on in its motion for a sentence enhancement.  The indictment did, however, reference § 1326 generally.  "An indictment must set forth each element of the crime that it charges.  But it need not set forth factors relevant only to the sentencing of an offender found guilty of the charged crime." *Almendarez-Torres v. United States*, 523 U.S. 224, 228 (1998) (citation omitted).  The relevant question, therefore, is: did the Congress intend for § 1326(b) "to help define a separate crime" from that set forth in § 1326(a) or to provide "a factor that a sentencing court might use to increase punishment?"  *Id.*

Addressing this precise question, the Supreme Court in *Almendarez-Torres* "conclude[d] that the subsection is a penalty provision, which simply authorizes a court to increase the sentence for a recidivist.  It does not define a separate crime.  Consequently, neither the statute nor the Constitution requires the Government to charge the factor that it mentions, an earlier conviction, in the indictment."  *Id.* at 226-27 (interpreting 8 U.S.C. § 1326(b)).

We note, however, that in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Court expressed concern about the continuing validity of *Almendarez-Torres*.

*Apprendi*, 530 U.S. at 489 ("[I]t is arguable that *Almendarez-Torres* was incorrectly decided, and that a logical application of our reasoning today should apply if the recidivist issue were contested."). Nevertheless, the Court reasoned that any due process or Sixth Amendment concerns—arising out of the judicial determination of a "fact" that increased punishment beyond the statutory maximum—were mitigated in *Almendarez-Torres* by "[b]oth the certainty that procedural safeguards attached to any 'fact' of prior conviction, and the reality that [the defendant] did not challenge the accuracy of that 'fact' in his case." *Id.* at 488. Thus, the Court did not overrule *Almendarez-Torres* in *Apprendi*; rather, it made an exception from the general *Apprendi*-rule for "prior convictions." *Id.* at 489.

The Ninth Circuit has drawn this same conclusion and noted:

> Because *Apprendi* preserves *Almendarez-Torres* as a 'narrow exception' to *Apprendi*'s general rule, we can conclude, at most, that *Apprendi* casts doubt on the continuing viability of *Almendarez-Torres*. If the views of the Supreme Court's individual Justices and the composition of the Court remain the same, *Almendarez-Torres* may eventually be overruled. But such speculation does not permit us to ignore controlling Supreme Court authority. Unless and until *Almendarez-Torres* is overruled by the Supreme Court, we must follow it. *United States v. Pacheco-Zepeda*, 234 F.3d 411, 414 (9th Cir. 2000).

For these reasons, then, we reject Mr. Garibay-Anguiano's contention that the government's failure to include a specific reference to § 1326(b) and its factors in its indictment is error.

## IV. APPLICATION OF THE SENTENCING GUIDELINES

Construing his pleadings liberally, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), Mr. Garibay-Anguiano alleges that the district court improperly enhanced his base offense level by sixteen points pursuant to U.S.S.G. § 2L1.2(b)(1)(A). This provision imposes a sixteen-point enhancement "[i]f the defendant previously was deported . . . after . . . a conviction for a felony that is (i) a drug trafficking offense for which the sentence imposed exceeded 13 months . . . ." U.S.S.G. § 2L1.2(b)(1). Mr. Garibay-Anguiano asserts that this provision does not apply to him because, although he previously received a one to fifteen-year prison sentence for trafficking cocaine, he was released on parole after serving only eleven months in prison.

Noting that no courts have ruled otherwise, we adopt the approach taken by the Fifth Circuit in *United States v. Mendez-Villa*, 346 F.3d 568 (5th Cir. 2003), the Third Circuit in *United States v. Frias*, 338 F.3d 206 (3d Cir. 2003), and the Eight Circuit in *United States v. Rodriguez-Arreola*, 313 F.3d 1064 (8th Cir. 2002), and hold that the term "sentence imposed" means the maximum term of imprisonment given to a defendant at sentencing, not the actual time served. Application Note 1 of U.S.S.G. § 2L1.2 specifically denotes the instances in which courts should consider prior conviction factors other than the term of imprisonment imposed at sentencing. "If all or any part of a sentence of

-6-

imprisonment was probated, suspended, deferred, or stayed, 'sentence imposed'

refers only to the portion that was not probated, suspended, deferred, or stayed."

U.S.S.G. § 2L1.2, Application Note 1(A)(iv).     Unlike parole, however,

"[p]robation, suspension, and so forth are actions taken at the time of sentencing.

Thus, the Application Note tends to confirm that in this guideline, as in federal

criminal law generally, the term 'sentence imposed' means the sentence reflected

in the criminal judgment, not the sentence the defendant ultimately serves."

*Rodriguez-Arreola*, 313 F.3d at 1066; *see also Mendez-Villa*, 346 F.3d at 570. [3]

Thus, we do not consider the time actually served, but the time to which Mr.

Garibay-Anguiano was sentenced.

Mr. Garibay-Anguiano also argues that his prior one to fifteen-year

sentence does not meet the requirements of U.S.S.G. § 2L1.2(b)(1)(A) because the

bottom range of his sentence falls below the requirement that "the sentence

imposed [must have] exceeded 13 months." U.S.S.G. § 2L1.2(b)(1)(A). We

reject this argument because "the sentence imposed is the maximum term of

---

[3]The recently enacted 2003 edition of the Guidelines, though not dispositive in this appeal, *see United States v. Zamudio*, 314 F.3d 517, 518 (10th Cir. 2002) (quoting U.S.S.G. § 1B1.11(a)), supports this conclusion. That edition defines "sentence imposed" as synonymous with "sentence of imprisonment [as discussed] in Application Note 2 and subsection (b) of § 4A1.2[.]" U.S.S.G. § 2L1.2, Application Note 1(B)(vii). Application Note 2 then holds that sentence of imprisonment under the Guidelines is "based on the sentence pronounced, not the length of time actually served." *Id.*

imprisonment in an indeterminate sentence." *Mendez-Villa*, 346 F.3d at 570 (citations omitted); *see also* 8 U.S.C. § 1101(a)(48) ("Any reference to a term of imprisonment or sentence with respect to an offense is deemed to include the period of incarceration or confinement ordered by a court of law regardless of any suspension of the imposition or execution of that sentence of imprisonment in whole or in part."); U.S.S.G. § 4A1.2, Application Note 2 (stating that for purposes of § 4A1.2(a)-(c) "sentence imposed", in the case of an indeterminate sentence, is the maximum sentence). Because the prior maximum sentence imposed on Mr. Garibay-Anguiano is fifteen-years, his enhancement does not run afoul of U.S.S.G. § 2L1.2(b)(1)(A).

## V. CONCLUSION

The indictment's failure to specifically reference § 1326(b) or its factors is not error. Further, the district court properly calculated Mr. Garibay-Anguiano's sentence under the Guidelines. Therefore, we AFFIRM the judgment of the district court and GRANT Mr. Williams's motion to withdraw as counsel.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Chief Circuit Judge