**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4240**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHARLES EDWARD HATTEN,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, District Judge.  (3:02-cr-00232-02)

Submitted:  May 21, 2007                    Decided:  July 5, 2007

Before WILKINSON, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Travis R. Fitzwater, LAW OFFICE OF TRAVIS R. FITZWATER, Morgantown, West Virginia, for Appellant.  Charles T. Miller, United States Attorney, Miller A. Bushong III, Assistant United States Attorney, Beckley, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Edward Hatten appeals the sentences imposed following remand for resentencing. In our prior decision, we affirmed Hatten's convictions of conspiracy to manufacture and distribute more than fifty grams of methamphetamine, in violation of 21 U.S.C. § 846 (2000), and using, carrying, and discharging a firearm in relation to a drug trafficking offence, thereby causing death, in violation of 18 U.S.C.A. § 924(c)(1)(A)(iiii), (j)(1) (West 2000 & Supp. 2007). We also vacated Hatten's sentence and remanded for resentencing in light of United States v. Hughes, 401 F.3d 540 (4th Cir. 2005).

On remand, treating the sentencing guidelines as advisory only and considering the factors in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007), the district court applied the same guideline calculations used in the first sentencing. Utilizing the first degree murder cross-reference provision, Hatten's base offense level for the conspiracy offense was 43 because he shot and killed a man during the course of the conspiracy. See U.S. Sentencing Guidelines Manual §§ 2D1.1(d)(1), 2A1.1 (2002). The court applied a two-level increase under USSG § 3B1.1(c) for Hatten's role as a leader and organizer, and a three-level reduction for acceptance of responsibility under USSG § 3E1.1 for acceptance of responsibility, resulting in a total offense level of 42. With criminal history category II, Hatten's guideline range for the § 846 conviction was 360 months to life imprisonment. Turning to the § 924(c), (j) firearm conviction, the district court found that the murder cross-

reference from USSG § 2K2.1(c)(1)(B) to USSG § 2A1.2, the second degree murder provision, applied, establishing a base offense level of 33. The court applied the three-level reduction for acceptance of responsibility, and Hatten's total offense level became 30. With criminal history category II, Hatten's guideline range for the § 924(c), (j) offense was 108 to 135 months in prison, with a statutory mandatory minimum 120-month sentence to be served consecutively to the conspiracy sentence. The district court sentenced Hatten to a total of 520 months in prison: 400 months on the conspiracy conviction and a consecutive 120 months on the firearm conviction. Hatten timely appealed.

As he claimed in the district court, Hatten argues that the cross-reference to the first degree murder guideline for his conspiracy conviction was improper because the conduct to which he pled guilty amounted to second degree murder, which he argued called for a lower offense level. Under USSG § 2D1.1(d)(1), "[i]f a victim was killed under circumstances that would constitute murder under 18 U.S.C. § 1111 [2000] had such killing taken place within the territorial or maritime jurisdiction of the United States, apply § 2A1.1 (First Degree Murder)." Section 1111 defines murder to include murder in both the first and second degree. The commentary to § 2A1.1 also provides that this guideline section is not limited to premeditated murder. USSG § 2A1.1, cmt. n.1.

Courts analyze the federal sentencing guidelines under the rules that apply to statutory construction. United States v. Mendez-Villa, 346 F.3d 568, 570 (5th Cir. 2003). "The language of

the Sentencing Guidelines is to be given its plain and ordinary meaning, unless to do so would produce an absurd result contrary to the drafter's manifest intent." United States v. Zapata, 139 F.3d 1355, 1359 (11th Cir. 1998) (citation and internal quotation marks omitted). Thus, courts begin with the plain meaning of the guidelines. United States v. Hargrove, 478 F.3d 195, 206 (4th Cir. 2007) (applying plain meaning analysis to guideline interpretation); United States v. Ivory, 475 F.3d 1232, 1234-35 (11th Cir. 2007) (same).

Here, § 2D1.1 expressly directs the application of the § 2A1.1 first degree murder provision if the killing "constitute[s] murder," without distinguishing between murder in the first and second degree. We conclude that the plain meaning of § 2D1.1(d)(1) indicates that the murder cross reference to § 2A1.1 applies if there is any murder as defined by § 1111—not just murder in the first degree. Accordingly, we find that the district court properly applied the § 2D1.1(d)(1) cross-reference to § 2A1.1 in Hatten's case.

Hatten also challenges the district court's finding that he was subject to a two-level enhancement under USSG § 3B1.1(c) for his role as a leader or organizer. A defendant qualifies for a two-level role adjustment if he was a leader, organizer, manager, or supervisor in any criminal activity that did not involve five or more participants and was not otherwise extensive. United States v. Sayles, 296 F.3d 219, 224 (4th Cir. 2002). For a role adjustment to be given because a defendant was a leader, the

- 4 -

defendant must have controlled others. <u>United States v. Carter</u>, 300 F.3d 415, 426 (4th Cir. 2002). A defendant is an organizer if he coordinates others to promote the criminal activity. <u>United States v. Picanso</u>, 333 F.3d 21, 23-24 (1st Cir. 2003). A defendant who is deemed a manager or supervisor must have directed the activities of others. <u>United States v. Turner</u>, 319 F.3d 716, 725 (5th Cir. 2003).

According to the testimony of three of Hatten's co-conspirators, they viewed Hatten as the leader of the conspiracy and stated that he initiated it. Hatten developed the plan for stealing the anhydrous ammonia used in cooking the methamphetamine and directed others in gathering the basic ingredients. The co-conspirators also testified that Hatten was the main cook of methamphetamine. We find that under the facts of this case, the district court did not clearly err in enhancing Hatten's base offense level by two levels under § 3B1.1(c).

Finally, Hatten challenges the district court's decision to impose consecutive rather than concurrent sentences for his conspiracy and firearm convictions. Section 924(c) requires that any sentence imposed for using, carrying, or possessing a firearm during and in relation to a crime of violence or drug trafficking offense must be "in addition to the punishment provided for such crime." 18 U.S.C.A. § 924(c)(1). Section 924(j) is the penalty provision for individuals who aggravate their § 924(c) offense by killing someone with a firearm in the course of committing a § 924(c) offense. Hatten contends that because § 924(j) is silent

as to whether a sentence imposed under that provision should run concurrently or consecutively the crime of violence or drug trafficking offense, the district court should have directed the sentences to run concurrently.

Viewed in the context of § 924(c), "[t]he plain meaning of the words used in § 924(j) unequivocally provide that if the evidence shows a violation of § 924(c) . . . , a district court must impose a consecutive sentence over and above the punishment prescribed for the violent crime." United States v. Battle, 289 F.3d 661, 666 (10th Cir. 2002). Moreover, to adopt Hatten's argument would create the absurd result that a defendant who merely violated § 924(c) by using or carrying a firearm during a crime of violence or drug trafficking offense could face a longer punishment by virtue of having his sentences run consecutively as directed by § 924(c), than a defendant who commits murder in the course of a § 924(c) offense because, under Hatten's interpretation of § 924(j), that individual's sentences could run concurrently. United States v. Allen, 247 F.3d 741, 769 (8th Cir. 2001), vacated on other grounds, 536 U.S. 953 (2002).

Accordingly, we affirm Hatten's sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED