# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 24, 2007**

Charles R. Fulbruge III
Clerk

No. 06-51334
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MANUEL PARRA-RAVELO, also known as Manuel Parra-Gavallos

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:06-CR-372

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Manuel Parra-Ravelo (Parra) appeals his guilty-plea conviction and sentence for illegal reentry following deportation. The Government has moved for summary affirmance. Alternatively, the Government seeks an extension of time to file a brief.

Parra asserts that his 46-month guideline sentence violates United States v. Booker, 543 U.S. 220 (2005), and is unreasonable. The presumption of reasonableness afforded a sentence within a properly calculated advisory

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

guideline range is consistent with Booker. See Rita v. United States, 127 S. Ct. 2456, 2462 (2007). The record reflects that the district court considered Parra's arguments, the recommendation of the presentence report, the applicable guideline range, and the factors set forth in 18 U.S.C. § 3553(a). Because the district court exercised its discretion to impose a sentence within a properly calculated guideline range, the sentence is presumptively reasonable and we may infer that the district court considered all the factors for a fair sentence set forth in the Guidelines. See Rita, 127 S. Ct. at 2462-70; United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006); United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005). Parra has not presented evidence to overcome the presumption of reasonableness. Further, the district court's sentence was imposed with sufficient consideration of the § 3553(a) factors and is not unreasonable. See United States v. Nikonova, 480 F.3d 371, 376 (5th Cir. 2007).

Finally, Parra challenges the constitutionality of the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2). The constitutionality of these provisions was upheld in Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Almendarez-Torres is binding precedent unless overruled by the Supreme Court. Therefore, Parra's argument is foreclosed by precedent. United States v. Mendez-Villa, 346 F.3d 568, 570-571 (5th Cir. 2003).

Accordingly, the Government's motion for summary affirmance is GRANTED, its alternative request for an extension of time is DENIED as unnecessary, and the decision of the district court is AFFIRMED.