REAVLEY, Circuit Judge:
Robert Fowler appeals the sentence he received after pleading guilty to interstate transportation of child pornography in violation of 18 U.S.C. § 2252(a)(1). Under his plea agreement Fowler retained the right to raise on appeal the sentencing issues addressed herein. We agree with his second argument and therefore remand this case to the district court for resen-tencing.
A. Distribution of Child Pornography
Fowler first argues that his sentence should not have been enhanced under U.S.S.G. § 2G2.2(b)(2), which increases the defendant’s offense level if the offense involved “distribution.” Fowler argues that the images he sent to “Katrina,” who turned out to be an undercover agent, were not for pecuniary gain. In a case involving similar facts, we held that the enhancement under § 2G2.2(b)(2) is appropriate if the defendant distributed the images “with a purpose of enticing another person to have sex with him.” United States v. Canada, 110 F.3d 260, 263 (5th Cir.1997). Fowler urges us to reconsider this holding in Canada in light of authority from other circuits. One panel of this court cannot overrule the decision of another panel, see FDIC v. Dawson, 4 F.3d 1303, 1307 (5th Cir.1993), nor are we inclined to seek en banc review of this issue.
Fowler also argues that Canada is factually distinguishable because the evidence shows that he had already reached an agreement to meet with Katrina before he sent the images. The district court rejected this argument. Whether the im *461 ages were sent to entice Katrina presents a factual question, and the district court’s factual findings are reviewed only for clear error. See United States v. Snell, 152 F.3d 345, 346 (5th Cir.1998). The district court’s, finding is not clearly erroneous. Even though the record contains evidence that Katrina had agreed to meet Fowler before he transmitted the images, there was also evidence that Fowler himself considered the agreement highly tentative, and that he sent the images to maintain Katrina’s interest in meeting with him and engaging in specific sexual acts.
B. Material Portraying Sadistic Conduct
Fowler argues that the district court erred in enhancing his sentence under U.S.S.G. § 2G2.2(b)(3), which provides for an increase in the offense level “[i]f the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence.”
The basis of this enhancement is that Fowler’s residence was searched and electronic images of sadistic sexual conduct, primarily involving bondage, were recovered. The government claims that two of the images depict minors. According to the government’s sentencing memorandum the two images of minors had 1996 dates on directories to the floppy disks where they were found. Fowler does not dispute that some of the images portray sadistic conduct or other depictions of violence under the guideline. His argument is that he pleaded guilty to one count of sending an image to Katrina, and that these other, sadistic images found in his home were not sent to Katrina or any other party. He also argues that there was no expert testimony supporting the government’s position that some of the images were of minors.
Even if the government correctly argues that the record supports a finding that some of the images portraying sadistic conduct were of minors, we agree with Fowler that the possession of these images should not have resulted in an enhanced sentence under § 2G2.2(b)(3).
The image Fowler electronically mailed which was the basis of the count of conviction did not depict sadistic conduct. It was sent on October 28, 1998, after Katrina and Fowler met on the Internet and Katrina asked Fowler if he had any more of “those” pictures. The issue presented is whether the possession of the sadistic images is “relevant conduct” under the guidelines, in circumstances where (1) the defendant pleaded guilty to transporting an image of child pornography, and (2) other images, including two images of minors, which were not transported but were merely possessed by the defendant, depicted sadistic conduct.
The guidelines provide that in calculating the offense levél the district court may consider acts in addition to the acts underlying the offense of conviction so long as those other acts constitute “relevant conduct” as defined in the guidelines. Under U.S.S.G. § lB1.3(a)(l), the base offense level and adjustments thereto shall be determined on the basis of “all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant ... that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense.” Under this guideline, the receipt or possession of the sadistic images would not constitute relevant conduct. Fowler pleaded guilty to one act of transporting and shipping on October 28, 1998 an image depicting sexual activity of a minor. The electronic mailing of the image that was the basis of the count of conviction occurred at a discrete moment, and Fowler’s receipt of the other, sadistic images did not occur “during the commission of the offense of conviction.” Further, there was no proof that the sadistic images were part of preparing for the offense of conviction or avoiding detection of the crime. On the contrary, the government’s sentencing *462 memorandum indicates that the images that Fowler sent to Katrina, whom Fowler thought was a sexually inexperienced minor, were part of his efforts to entice Katrina to meet with him and to engage in certain non-violent sexual acts. There is no indication in the record that Fowler thought of sending the sadistic images to Katrina or anyone else. The record indicates if anything that Fowler refrained from sending such images because he believed they would only have impaired his efforts to entice Katrina.
The guidelines further provide that relevant conduct may include acts committed by the defendant “that were part of the same course of conduct or common scheme or plan as the offense of conviction.” U.S.S.G. § lB1.3(a)(2). “Common scheme or plan” is defined as two or more offenses that are “substantially connected to each other by at least one common factor, such as common victims, common accomplices, common purpose, or similar modus operands” Id. § 1B1.3 n.9(A). Again, the record does not reflect that the possession of the sadistic images were part of Fowler’s plan to entice Katrina. An equally if not more plausible scenario is that Fowler deliberately 'refrained from sending these images to Katrina, for fear that they would dissuade her from meeting him in person.
“Same course of conduct” is defined as follows: “Offenses that do not qualify as part of a common scheme or plan may nonetheless qualify as part of the same course of conduct if they are sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses.” Id. § 1B1.3 n.9(B). Factors to consider in making this determination include “the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses.” Id.
Evidence submitted with the government’s sentencing memorandum indicates dates for the sadistic images running sporadically from 1993 through 1998. According to the government, two of the images with 1996 dates depicted minors. Fowler’s communications with Katrina did not begin until December 1997. The government did not show that Fowler’s receipt of the images depicting sadistic conduct were part of the plan to entice Katrina that led to the offense of conviction or any similar plan. In our view, the receipt of the sadistic images and the transmission of the non-sadistic image were not sufficiently related to conclude that they were part of the same course of conduct.
The dissent would make the possession of any child pornography a part of the offense of the interstate transportation of child pornography. We do not believe the guidelines should be construed so broadly.[1]
Because we conclude that the enhancement under § 2G2.2(b)(3) was unwarranted, we vacate the sentence and remand this case to the district court for resen-tencing.
VACATED and REMANDED.

. The Seventh Circuit in United States v. Ellison, 113 F.3d 77 (7th Cir.1997), found a relevant relation between the possession of sadomasochistic magazines and the receipt of child pornography because the defendant admitted using the magazines to keep him from seeking out boys. Id. at 83 n. 8. Both the videotape received and the magazines possessed were used the same way — as a substitute for live victims. Fowler, on the other hand, committed the crime of conviction to entice a live victim, a purpose entirely remote from the possession of sadistic images.