**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 00-20476**
**Summary Calendar**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**CHARLES SCOTT DEMBOWSKI,**

**Defendant-Appellant.**

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(H-00-CR-7-ALL)**

October 30, 2000

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Charles Scott Dembowski appeals from the enhancement of his sentence, after he pleaded guilty to transporting child pornography in interstate commerce over the Internet, in violation of 18 U.S.C. §§ 2252A(a)(1) and 2256(8), and to traveling in interstate commerce for the purpose of engaging in a sexual act with a person under the age of 18, in violation of 18 U.S.C. §§ 2423(b) and 2246. We review the district court's application of the Sentencing Guidelines *de novo* and its factual findings for clear error. *E.g.,* ***United States v. Goynes***, 175 F.3d 350, 353 (5th Cir. 1999).

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Dembowski contends the district court erred by enhancing his sentence five levels under U.S.S.G. § 2G2.2(b)(2) for "distribution" of child pornography because the materials he transmitted were *not* sent with an expectation of pecuniary gain. However, enhancement under § 2G2.2(b)(2) is appropriate if Dembowski distributed the images "with a purpose of enticing another person to have sex with him". *United States v. Fowler*, 216 F.3d 459, 460 (5th Cir.), *petition for cert. filed*, 69 U.S.L.W. 3235 (U.S. 18 Sept. 2000) (No. 00-460); *United States v. Canada*, 110 F.3d 260, 263 (5th Cir.), *cert. denied*, 522 U.S. 875 (1997). The district court did *not* clearly err in finding that Dembowski transmitted the pornography for that purpose.

Dembowski also contends that the district court erred by enhancing his sentence five levels under U.S.S.G. § 2G2.2(b)(4) for engaging in a pattern of sexual activity with minors because the individuals with whom he had sexual relations were 16 and 17 years old. Although *not* controlling, the Sentencing Commission's proposed amendments to the commentary of § 2G2.2(b)(4), effective 1 November 2000 and referenced by the district court at sentencing, sufficiently indicate the Commission's intent that the enhancement applies when the individuals in question were under the age of eighteen. *See United States v. Anderson*, 5 F.3d 795, 802 (5th Cir. 1993), *cert. denied*, 510 U.S. 1137 (1994).

*AFFIRMED*

2