IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20287
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ALAN DONALD COVELESKIE,

                                        Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CR-634-1
---------------------
February 1, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Alan Donald Coveleskie appeals his sentences for use of the internet for certain activities relating to child pornography in violation of 18 U.S.C. §§ 2252A(a)(1) and 2256(8). We review the district court's application and interpretation of the sentencing guidelines de novo and its factual findings for clear error. United States v. Flucas, 99 F.3d 177, 178 (5th Cir. 1996). There is no clear error if the district court's factual finding is plausible in light of the record read as a whole. United States v. Parker, 133 F.3d 322, 330 (5th Cir. 1998).

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Coveleskie concedes that his argument that the district court erred in applying a five-level sentence enhancement pursuant to U.S.S.G. § 2G2.2(b)(2) is foreclosed by our precedent.  See United States v. Fowler, 216 F.3d 459 (5th Cir. 2000); United States v. Canada 110 F.3d 260, 262-63 (5th Cir. 1997).

The district court's determination that Coveleskie engaged in a pattern of activity justifying a five-level sentence enhancement pursuant to U.S.S.G. § 2G2.2(b)(4) is plausible in light of the record as a whole, and thus Coveleskie has shown no clear error.  See Parker, 133 F.3d at 330.

Coveleskie's argument that his sentences violate Apprendi v. New Jersey, 120 S. Ct. 2348 (2000), is foreclosed by our precedent because his sentences did not exceed the statutory maximum.  See United States v. Meshack, 225 F.3d 556 (5th Cir. 2000).

AFFIRMED.