Revised May 18, 2001

# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 00-30271

UNITED STATES OF AMERICA,

Plaintiff-Appellant, Cross-Appellee,

versus

ALBERT L. BOUDREAU,

Defendant-Appellee, Cross-Appellant.

Appeals from the United States District Court
for the Western District of Louisiana

April 26, 2001

Before POLITZ, DEMOSS, and STEWART, Circuit Judges.

CARL E. STEWART, Circuit Judge:

The United States ("the government") appeals the district court's determination that a photograph of a sixteen year old boy did not constitute a lascivious exhibition of the genitals within the meaning of 18 U.S.C. § 2256(2)(E). Albert L. Boudreau ("Boudreau") appeals the district court's determination that downloaded computer images, which were not the subject of his conviction, were sufficient to enhance his sentence by two levels under § 2G2.4(b)(3) of the United

States Sentencing Guidelines Manual ("U.S.S.G." or "the guidelines"). For the reasons assigned below, we affirm the district court in part, reverse in part, and remand for resentencing.

FACTUAL AND PROCEDURAL BACKGROUND

On December 19, 1997, a search warrant was executed at Boudreau's home. The search revealed numerous items of purported child pornography. The items germane to the case at bar are seventeen magazines commercially produced in Europe, which Boudreau admitted to smuggling into the United States upon his return from Europe on November 6, 1996, a photo of S.B., a sixteen year old boy, taken by Boudreau during a picnic at Avery Island in September 1997, and images downloaded from Boudreau's computer that allegedly depict child pornography.

On October 14, 1998, the government indicted Boudreau on thirteen counts of various violations of child pornography laws. They were as follows: (1) smuggling several magazines and one video tape containing child pornography in violation of 18 U.S.C. § 545 (Count I); (2) ten counts of receipt of child pornography in interstate commerce in violation of 18 U.S.C. § 2252 A(a)(2)(A) (Counts II-XI); (3) one count of possessing more than three visual depictions of minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252 A(a)(5)(B) (Count XII); and (4) one count of conspiracy to sexually exploit children beginning in August 1981 and continuing to December 1997 in violation of 18 U.S.C. § 2251(a) and (d) (Count XIII). On February 9, 1999, the government dismissed the counts, charging that Boudreau received computer images of child pornography and that he conspired to employ, entice, or persuade minors to engage in sexually explicit conduct. In exchange, Boudreau pled guilty to Counts I and XII of the indictment. Accordingly, the only charges remaining against him were for smuggling and possessing magazines containing child pornography.

Two separate sentencing hearings followed. The government alleged that the photograph of S.B., upon which it had originally based Count XIII, was relevant conduct to Boudreau's possession conviction. It argued that, via the internal cross-reference in U.S.S.G. § 2G2.4(c)(1) to § 2G2.1,[1] the district court could enhance Boudreau's sentence based on the photograph of S.B. However, after analyzing the photo using the six Dost factors,[2] the district court found that the photograph of S.B. did not constitute a "lascivious exhibition of the genitals or pubic area" of the minor portrayed and therefore was not material depicting sexually explicit conduct. As such, it pretermitted the government's relevant conduct argument and sentenced Boudreau under § 2G2.4 for possession at the Base Level of 15.

However, the district court enhanced Boudreau's sentence under 2G2.4(b)(2) by two levels because Boudreau possessed more than ten items of pornographic material. Relying on Boudreau's possession of the downloaded computer images, the district court then further enhanced his sentence

---

[1] Section 2G2.4(c)(1) pro vides: "If the offense involved causing, transporting, permitting, or offering or seeking by notice or advertisement, a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, apply § 2G2.1 (Sexually Exploiting a Minor by Production of Sexually Explicit Visual or Printed Material;. . .)."

[2] See United States v. Dost, 636 F. Supp. 828 (S.D. Cal. 1986). The Dost court stated that:

> [I]n determining whether a visual depiction of a minor constitutes a "lascivious exhibition of the genitals or pubic area," . . . the trier of fact should look to the following factors[:] . . . 1) whether the focal point of the visual depiction is on the child's genitalia or pubic area; 2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity; 3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child; 4) whether the child is fully or partially clothed, or nude; 5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; 6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

Id. at 832.

3

by two additional levels pursuant to § 2G2.4(b)(3).  Accordingly, the district court sentenced Boudreau to 21 months of confinement to be followed by three years of supervised release.  The judgment was entered on February 14, 2000.  The government now appeals the district court's finding regarding the photograph of S.B., and Boudreau appeals the district court's reliance on the computer images to enhance his sentence for possession of the magazines.

## DISCUSSION

### I.    Standard of Review

The government and Boudreau disagree about the proper standard of review applicable to a district court's determination of whether a visual depiction of a minor constitutes a lascivious exhibition of the genitals or pubic area under § 2256(2)(E).  The government contends that this court should review de novo  the lasciviousness determination because it implicates the First Amendment right to free speech.  See United States v. Amirault, 173 F.3d 28, 32 (1st Cir. 1999) (stating that though child pornography warrants little protection under the First Amendment, "a determination that speech falls within" that category "requires plenary review to ensure that protected speech is not infringed").  Boudreau, however, contends that clear error is the appropriate level of review.

In United States v. Carroll,[3] a panel of this court reviewed a district court's determination that the defendants' videotape, which contained various images of an eleven-year-old boy changing clothes, striking poses, and reading a sexually explicit magazine, portrayed sexually explicit conduct. Id. at 292, 297.  This court began its discussion in Carroll by stating that: "We review the district court's factual findings under the Sentencing Guidelines for clear error . . . ."  Id. at 293.  After

---

[3]  190 F.3d 290 (5th Cir. 1999), vacated in part, reinstated in relevant part by, 227 F.3d 486, 488 (5th Cir. 2000) (per curiam).

4

declaring the applicability of the "six factor <u>Dost</u> test to determine whether a visual depiction of a minor constitutes an actual 'lascivious exhibition of the genitals or pubic area' under § 2256(2)(E)," this court reviewed the relevant facts of the case and concluded that the videotape in question met "at least five out of the six <u>Dost</u> factors." <u>Id.</u> at 298. Accordingly, clear error is the appropriate standard under which this court will review the propriety of the district court's determination that the photograph of S.B. did not depict a lascivious exhibition of his pubic area.

## II.      Sexually Explicit Conduct: Lascivious Exhibition

Under § 2256 the "lascivious exhibition of the genitals or pubic area of any person" is "'sexually explicit conduct.'" 18 U.S.C. § 2256(2)(E). The district court applied the six <u>Dost</u> factors to make its finding regarding the lasciviousness of the S.B photograph. While acknowledging that S.B.'s pubic area is the focal point of the disputed photograph, the district court observed that S.B.'s genitalia were completely covered by his underwear and partially by his shorts.[4] The court then reasoned that the park in which the picture was taken was not a sexually suggestive setting and that, by standing, S.B. was not involved in an unnatural pose. Finally, the district court opined that the photo did not depict sexual coyness and that it did not appear to be designed to elicit a sexual response.

Our review of the photograph confirms the district court's findings. The purposefulness with which S.B. held up his shorts to expose his underwear, the resting of the sitting man's head on S.B.'s thigh next to S.B.'s pubic area, and the standing man's pointing his finger at S.B.'s genital area inescapably demonstrate that S.B.'s pubic area is the picture's focus. But S.B.'s convivial facial

---

[4] We note, however, that: "Lascivious exhibition of the genitals or pubic area does not require full or partial nudity." <u>See Carroll</u>, 190 F.3d at 298 (citing <u>United States v. Knox</u>, 32 F.3d 733, 744 (3rd Cir. 1994)).

5

expression intimates neither sexual coyness nor a willingness to engage in sexual activity.  Moreover, the park is not a sexually suggestive setting and S.B. is not engaged in an unnatural pose by standing; as such, these factors buttress the district court's finding that the photo was not intended to elicit a sexual response.  See Carroll, 190 F.3d at 298 (finding that the child lying on his side in an unmade bed with one knee up to expose his genital or pubic area depicted an unnatural pose in a sexually suggestive setting and that, therefore, the "totality of the circumstances . . . indicate that the video was intended to elicit a sexual response in the viewer"); United States v. Villasenor, 236 F.3d 220, 223-24 (5th Cir. 2000) (finding photos featuring "the pubic area of a 15-year-old girl dressed in leopard skin panties and a black bra or in a t-shirt and nude from the waste down; lying, sitting, or kneeling on a bed" to be "sexually suggestive, highlighting the pubic area in a setting and attire intended to elicit sexual response in the viewer").  Thus, we affirm the district court's finding that the photograph of S.B. did not depict a lascivious exhibition of the minor's genitals or pubic area.[5]

III.    § 2G2.4(b)(3) Enhancement: Possession Resulting from the Use of a Computer

Although the government dismissed Counts II-XI, containing the charges against Boudreau for ten counts of receipt of child pornography in interstate commerce, in violation of 18 U.S.C. § 2252 A(a)(2)(A), the district court nonetheless relied on Boudreau's possession of the downloaded computer images to enhance his sentence under § 2G2.4(b)(3).  Boudreau contends that this enhancement was erroneous.

Section 2G2.4(b)(3) states that: "If the defendant's possession of the material resulted from the defendant's use of a computer, increase by 2 levels."  Relying on United States v. Fowler, 216

_____

[5] The government's argument that Boudreau's possession of the S.B. photograph was relevant conduct sufficient to enhance his sentence via the internal cross-reference in U.S.S.G. § 2G2.4(c)(1) to § 2G2.1 is therefore moot, and we pretermit the issue.

6

F.3d 459 (5th Cir. 2000),[6] Boudreau contends that the guidelines intended to limit the scope of materials that can be used to increase sentencing to the materials supporting the offense of conviction. See id. at 464 (stating that the majority defined "offense" narrowly) (Emilio M. Garza, J., dissenting). In the instant case, he avers that those materials are the European child pornography magazines that he pled guilty to possessing and not the computer images related to dismissed Counts II-XI.

The government responds by vigorously urging an expansive reading of the sentencing guidelines and its terms. It rejects Boudreau's argument that the words "the material" found in § 2G2.4(b)(3) are sufficient to narrow the scope of the term "offense" as defined in the sentencing guidelines. See § 1B1.1 n.1(l) ("'Offense' means the offense of conviction and all relevant conduct under § 1B1.3 (Relevant Conduct) unless a different meaning is specified or is otherwise clear from the context."). As such, it asserts that the correct approach is to determine what, in fact, is relevant conduct and to include material resulting from that relevant conduct as "the material" under § 2G2.4(b)(3). The government avers that this approach is prudent and warranted because the sentencing guidelines intended for courts "to take into account all conduct indicating the seriousness of the charged offenses." United States v. Ellison, 113 F.3d 77, 83 (7th Cir. 1997).

The government then argues that Boudreau's possession of the computer images are indeed relevant conduct to his possession conviction. It notes that Boudreau's possession of the European pornographic magazines was a continuing offense. See United States v. Santana-Castellano, 74 F.3d

---

[6] In Fowler, the defendant pled guilty to one count of sending an image of child pornography, which did not depict sadistic conduct, to an undercover agent. Fowler, 216 F.3d at 461. A search of the defendant's residence revealed images of sadistic sexual conduct that the district court used to enhance his sentence under § 2G2.2(b)(3). Id. This court found that the defendant's possession of the sadistic images should not have resulted in an enhanced sentence for his trafficking conviction. Id. at 462.

593, 597 (5th Cir. 1996)(stating that child pornography has been found to be a continuing offense). As such, the government contends that Boudreau's possession of the computer images is unavoidably relevant conduct because it occurred during the time that he possessed the smuggled child pornography.

We recognize that a "district court may consider acts in addition to the acts underlying the offense of conviction so long as those other acts constitute 'relevant conduct' as defined in the guidelines," Fowler, 216 F.3d at 461. But we do not agree with the government's contention that the proper query in this case is whether Boudreau's possession of the computer images is relevant conduct to his possession of the magazines that were the subject of his conviction. This court is persuaded that § 2G2.4(a)(3) evidences a linguistic choice that restricts the provision's focus and therefore narrows the attendant inquiry.

We begin our analysis of § 2G2.4(a)(3) by noting that "[t]he Sentencing Guidelines are subject to the rules of statutory construction." United States v. Rocha, 916 F.2d 219, 242 (5th Cir. 1990). "Just as in the case of interpreting a statute, when interpreting a provision of the . . . guidelines our starting point is the text of that provision." United States v. Norris, 159 F.3d 926, 929 (5th Cir. 1998). "In interpreting the Sentencing Guidelines, this court conducts a plain-meaning approach." United States v. O'Callaghan, 106 F.3d 1221, 1223 (5th Cir. 1997). Moreover, we recognize that the guidelines' commentary is authoritative. Stinson v. United States, 508 U.S. 36, 38, 113 S. Ct. 1913, 123 L. Ed. 2d 598 (1993).

As previously mentioned, § 2G2.4(b)(3) states that: "If the defendant's possession of *the material* resulted from the defendant's use of a computer, increase by 2 levels." (emphasis added). Unlike § 2G2.4(a)(2), in which the drafters tethered the provision to what "the offense involved," the

8

drafters chose to narrow the scope of § 2G2.4(a)(3) to "the material." See Fowler, 216 F.3d at 463 n.1 (reasoning that § 2G2.2(b)(3), written in terms of what "the offense involved," indicates a broader scope than § 2G2.2(b)(1), written in terms of what "the material involved") (Emilio M. Garza, J., dissenting). The deliberateness of this choice is significant. It invokes the "unless" portion of the guidelines' definition of offense and urges the conclusion that § 2G2.4(a)(3) is applicable to the offense of conviction only and not to any purportedly attendant relevant conduct. See 1B1.1 n.1(l) ("'Offense' means the offense of conviction and all relevant conduct under § 1B1.3 (Relevant Conduct) *unless a different meaning is specified or is otherwise clear from the context*.") (emphasis added).

In the instant case, Boudreau was convicted for possession of magazines containing child pornography. Boudreau's possession of this material did not result from his use of a computer. Moreover, under the narrow scope of § 2G2.4(a)(3), the term "offense" did not include relevant conduct. The district court, therefore, erred by enhancing Boudreau's sentence by two levels based upon his concurrent possession of the computer images.

## CONCLUSION

Accordingly, for the reasons stated herein, we AFFIRM the district court's finding that the photograph of S.B. was not a lascivious exhibition of the genitals or pubic area but REVERSE its enhancement of Boudreau's sentence by two levels under § 2G2.4(a)(3) and REMAND for resentencing.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.