**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 01-30313
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORY LEVOR CAMPBELL,
also known as Greg Bhalla,

Defendant-

Appellant.

--------------------------------------------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 00-CR-30038-1
--------------------------------------------------------
October 23, 2001

Before DAVIS, BENAVIDES and STEWART, Circuit Judges:

PER CURIAM:[*]

Gregory Levor Campbell appeals a 21-month sentence imposed by the district court following entry of a guilty plea to one count of conspiracy to commit mail fraud. Campbell challenges increases made to his base offense level pursuant to U.S.S.G. § 2F1.1(b)(2) for an offense that involved more than minimal planning, U.S.S.G. § 2F1.1(b)(3) for an offense that was committed through mass-marketing, and U.S.S.G. § 3B1.4 for use of a minor in the commission of the offense.

We review the district court's application of the Sentencing Guidelines *de novo* and its findings of fact for clear error. *United States v. Stevenson*, 126 F.3d 662, 664 (5th Cir. 1997). "[A] PSR bears sufficient indicia of reliability to permit the sentencing court to rely on it at sentencing."

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*United States v. Ayala*, 47 F.3d 688, 690 (5th Cir. 1995). "Absent rebuttal evidence demonstrating inaccuracy, which evidence the defendant bears the burden of producing, district courts are entitled to rely on [presentence reports]." *United States v. Franklin*, 148 F.3d 451, 460 (5th Cir. 1998).

Campbell does not challenge the propriety of the individual U.S.S.G. §§ 2F1.1(b)(2) and (b)(3) increases. He contends that the district court's imposition of increases under both guideline sections constitutes impermissible double-counting and a violation of due process.

"Double-counting is prohibited only if the particular guidelines at issue forbid it." *United States v. Box*, 50 F.3d 345, 359 (5th Cir. 1995). The prohibition must be in express language. *Id.* Because U.S.S.G. §§ 2F1.1(b)(2) and 2F1.1(b)(3) do not specifically prohibit double-counting, we need not decide whether the imposition of increases under both Guidelines constitutes double-counting; for even if this were true, such double-counting would be permissible under the Guidelines. *See Box*, 50 F.3d at 359.

Campbell contends also that the imposition of increases under both U.S.S.G. § 2F1.1(b)(2) and U.S.S.G. § 2F1.1(b)(3) amounted to a violation of due process. Campbell did not raise this issue in the district court, and he has not shown error, plain or otherwise, in the district court's imposition of both increases. *See United States v. Calverley*, 37 F.3d 160, 162-64 (5th Cir. 1994) (*en banc*).

Campbell challenges the increase imposed under U.S.S.G. § 3B1.4 for use of a minor in the commission of the offense on the grounds that the presentence report did not establish that the minor knew that she was engaging in illegal conduct. Campbell asserts that we should infer from the guideline commentary to U.S.S.G. § 3B1.4 that the minor must be a knowing participant in the illegal activity.

Guideline section 3B1.4 authorizes a two-level increase "[i]f the defendant used or attempted to use a person less than eighteen years of age to commit the offense or assist in avoiding detection of, or apprehension for, the offense." The commentary provides that "'[u]sed or attempted to use' includes directing, commanding, encouraging, intimidating, counseling, training, procuring, recruiting or soliciting." U.S.S.G. § 3B1.4, comment. (n.1).

The plain language of U.S.S.G. § 3B1.4 does not impose a knowledge requirement on the minor who is used in the commission of the offense. *See United States v. Boudreau*, 250 F.3d 279, 285 (5th Cir. 2001) (Sentencing Guidelines are subject to rules of statutory construction). Accordingly, we AFFIRM the judgment of the district court.

AFFIRMED.