United States Court of Appeals
Fifth Circuit

**F I L E D**

April 9, 2004

Charles R. Fulbruge III
Clerk

REVISED APRIL 14, 2004

In the

# United States Court of Appeals

## for the Fifth Circuit

_____

m 03-10644

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

COREY MITCHELL,
ALSO KNOWN AS CORY MITCHELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
m 4:01-CR-185-A

_____

Before HIGGINBOTHAM and SMITH,
Circuit Judges.[*]

PER CURIAM:

Corey Mitchell appeals the application of a sentencing enhancement, pursuant to U.S.S.G.

§ 2B3.1(b)(3)(C), following his conviction of bank robbery and using and carrying a firearm in relation to that crime. The district court imposed a six-level enhancement because a customer who was in the bank during the robbery suffered a permanently debilitating stroke that was caused by the acts of Mitchell and his associates in the course of the robbery. Mitchell claims that this injury was not a reasonably foreseeable result of the crime and that there-

_____

[*] This matter is decided by a quorum. _See_ 28 U.S.C. § 46(d).

fore the sentencing enhancement should not apply. Because an injury resulting from criminal conduct need not be reasonably foreseeable to be the proper basis for a sentencing enhancement under § 2B3.1(b)(3)(C), we affirm.

## I.

Mitchell and two associates entered the bank wearing masks and gloves and carrying firearms, and while one associate took cash from teller drawers, and the other waved his handgun, Mitchell brandished his gun. When the men entered the bank, they were seen by customer Linda Zaccard, who tried to flee by the back door but was told by an employee that she would have to return. Upon her return, Zaccard observed the robbery in progress and suffered a stroke that left her with permanent physical damage, including hearing loss, brain damage, vision problems, limited feeling on her left side, panic attacks, anxiety, and inability to walk without a walker.

## II.

Mitchell pleaded guilty of bank robbery and aiding and abetting, 18 U.S.C. §§ 2113(a) and 2 (count 4), and using and carrying a firearm in relation to a crime of violence, that is, bank robbery, 18 U.S.C. § 924(c)(1)(A)(i) (count 5). At the sentencing hearing, Zaccard testified to her injury. On cross-examination, Mitchell's attorney asked whether it was true that Mitchell had not deliberately tried to hurt her or single her out. The court sustained the government's objection to the question.

The court accepted the finding in the presentence report that Zaccard had sustained serious bodily injury caused directly by the robbers' conduct. Over Mitchell's objection, the court applied a six-level increase pursuant to U.S.S.G §2B3.1(b)(3)(C), which provides for such an increase where, in the course of a rob-

bery, a victim sustains permanent or life-threatening bodily injury. Mitchell contends that the court erred in applying the enhancement and in refusing to allow Mitchell's attorney to ask Zaccard whether Mitchell had threatened her.

## III.

We review the district court's interpretation and application of the sentencing guidelines *de novo* and its findings of fact for clear error. *United States v. Hawkins*, 87 F.3d 722 (5th Cir. 1996). Mitchell concedes that Zaccard's impairments constitute "Permanent or Life Threatening Bodily Injury" under the sentencing guidelines and that the robbery was the cause in fact of Zaccard's stroke. Mitchell contends, however, that for § 2B3.1(b)(3) to apply, the injury must be a reasonably foreseeable consequence of the defendant's conduct. Mitchell asserts that Zaccard's stroke was not foreseeable, that Mitchell is no more culpable than would be a bank robber who did not have a victim who suffered a stroke, and that applying the enhancement effective punishes him for his "bad luck."

Whether § 2B3.1(b)(3) contains a culpability requirement is an issue of first impression in this circuit. Mitchell urges us to adopt a standard under which an enhancement is tied to the demonstrable culpability of the defendant and is available only if the defendant's conduct can be shown to be the proximate cause of the injury. Specifically, Mitchell urges us to adopt the standard set forth in *United States v. Molina*, 106 F.3d 1118 (2d Cir. 1997).

In *Molina*, a bystander was accidentally shot by an armored-car guard in a shootout with Molina's co-conspirators during a robbery. Molina was sitting in the getaway car at the time of the shootout, so the injury could

not be the result of his acts. The court analyzed the case under U.S.S.G. §1B1.3(a)-(1)(b), which specifies that offense characteristics are to be determined by "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." The court held that the victim's injury "resulted from" the acts of Molina's co-conspirators within the meaning of § 2B3.1(b)(3)(C), despite that fact that none of them fired the bullet that hit the victim, because the injury was a reasonably foreseeable consequence of their actions.

*Molina* provides no guidance, however, for a case in which the injury was not reasonably foreseeable, aside from a remark in passing that "punishing a defendant more severely for foreseeable harms flowing from criminal conduct that intentionally or knowingly risked those harmsSSfor instance, in the felony-murder contextSSis not an unusual aspect of Anglo-American criminal jurisprudence." *Molina*, 106 F.3d at 1125.

Although this statement is true, as far as it describes common law criminal culpability, we do not agree that reasonable foreseeability is a requirement for the imposition of an enhancement under the sentencing guidelines. This court has refused to import common law principles of culpability into its interpretation of the guidelines. *See United States v. Carbajal*, 290 F.3d 277, 283-84 (5th Cir. 2002).

Rather, our interpretation is subject to ordinary rules of statutory construction, with attention to the plain meaning of the guidelines as written. *See United States v. Boudreau,* 250 F.3d 279, 285 (5th Cir. 2001). Because we recognize the guidelines' commentary as authoritative, *id.*, we note that the commentary explicitly states that "the principles and limits of sentencing accountability under this guideline are not always the same as the principles and limits of criminal liability." U.S.S.G. §1B1.3, comment. (n.1). Therefore, unless a provision of the guidelines contains an explicit requirement of culpability, we will not recognize such a requirement.

A plain reading of § 2B3.1(b)(3)(C) reveals that an increase is mandated "[i]f any victim sustained bodily injury." It contains no requirement that the injury be reasonably foreseeable or that the defendant be culpable for the injury beyond committing the base offense. Similarly, § 1B1.3(a)(3) states that determinations are to be based on "all harm that resulted from the acts and omissions specified in subsection (a)(1) and (a)(2) . . . ." These guidelines contain no additional culpability requirement. Thus, a defendant is strictly liable for any injury a victim suffers as a result of his acts.

Because there is no doubt that Mitchell acted in the robbery, and no contention that Zaccard's stroke was caused by an unforeseeable act of a co-conspirator, Mitchell's sentence must be based on harm that resulted from the crime. Therefore, the district court did not err in applying the six-level enhancement.

## IV.

We review the exclusion of sentencing evidence for abuse of discretion. *Carbajal*, 290 F.3d at 287. Mitchell contends that the district court improperly excluded evidence of whether Mitchell threatened Zaccard specifically. Such evidence would have been both irrelevant and cumulative. Therefore, the court did not abuse its discretion by sustaining the objection.

AFFIRMED.