United States Court of Appeals
Fifth Circuit

**F I L E D**

June 23, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-51390
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JAVIER HORACIO JIMENEZ-MATA,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-03-CR-1496-1-DB
--------------------

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Javier Horacio Jimenez-Mata appeals his sentence for his guilty-plea conviction of illegal re-entry into the United States. Jimenez-Mata argues that the district court erred in increasing his criminal history category with the same offense, i.e., his conviction for importation of a quantity of marijuana, used to enhance his offense level by 16 levels.

Under U.S.S.G. § 2L1.2(b)(1)(A)(i), 16 levels are added to the offense level of an alien illegally reentering the United

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

States who has previously been convicted for a drug trafficking offense for which the sentence exceeded 13 months.  U.S.S.G. § 2L1.2(b)(1)(A)(i) (2002).  Given the commentary to that guideline provision, the court's consideration of the importation offense in its calculation of Jimenez-Mata's criminal history score was appropriate.  See U.S.S.G. § 2L1.2 comment. (n.5) (2002); United States v. Boudreau, 250 F.3d 279, 285 (5th Cir. 2001).

Jimenez-Mata cites United States v. Henry, 288 F.3d 657 (5th Cir. 2002), and United States v. Cade, 279 F.3d 265 (5th Cir. 2002), as support for his argument.  However, neither of these decisions is apposite as neither involved illegal re-entry and, consequently, neither involved the application of U.S.S.G. § 2L1.2.  See Henry, 288 F.3d at 658; Cade, 279 F.3d at 268-69. The district court's judgment is AFFIRMED.