## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 22, 2012

Lyle W. Cayce
Clerk

No. 10-11301

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

DAVID L. GOLUBA

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas

Before JONES, Chief Judge, and DAVIS and DEMOSS, Circuit Judges.

EDITH H. JONES, Chief Judge:

This is an appeal from the sentencing decision of the district court following the defendant-appellant David Goluba's conviction. Goluba was indicted and pleaded guilty, without a written plea agreement, to receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2). Before his sentencing, Goluba filed objections to the district court's calculation of his range under the Federal Sentencing Guidelines of 151 to 188 months. He argued that he was entitled to a two-level reduction under U.S.S.G. § 2G2.2(b)(1). The district court overruled Goluba's objection and sentenced him to 151 months followed by 10 years of supervised release. Goluba appeals. Because the district court did

No. 10-11301

not err by declining to apply the two-level reduction provided under U.S.S.G. § 2G2.2(b)(1), we **AFFIRM**.

## I. BACKGROUND

In November of 2009, a woman in Minnesota contacted local law enforcement after she discovered sexually explicit internet chat conversations between her ten-year-old daughter and several users of the social networking site Tagged.com. The young daughter's Tagged.com account revealed that a user with the screen name "Dave G" sent several of the sexually explicit messages. Dave G's user profile stated that he was a forty-three-year-old male from Arlington, Texas. His user profile photograph showed him sitting in a chair with the tip of his erect penis visible. In one of his messages, Dave G directed the ten-year-old girl to look at his picture, writing, "hey look at my profile pic at the bottom ya see it?"

Minnesota law enforcement established that the Dave G account belonged to the defendant-appellant, David Goluba. The Minnesota authorities transmitted that information to the Arlington Police Department in Texas, which initiated an investigation. On March 1, 2010, two Arlington police officers interviewed Goluba at his workplace. During the interview, Goluba admitted that he was a member of Tagged.com and that he sent sexually explicit messages to the ten-year-old in Minnesota. Goluba additionally admitted that he (1) possessed child pornography on his home computers, (2) had used his computer to solicit a minor, (3) collected female children's underwear, and (4) he had tutored a man, via email, on how to have sex with the man's twelve-year-old daughter. After subsequently searching Goluba's home, authorities found over 30,000 images and at least 987 videos containing child pornography. Shortly thereafter, Goluba apparently fled the area. On April 14, 2010, Goluba was charged with one count of receipt of child pornography, under 18 U.S.C. § 2252(a)(2), in the Northern District of Texas. He was arrested in Minnesota

2

No. 10-11301

on April 19, 2010.  Goluba pleaded guilty to the one-count indictment on August 11, 2010.

The presentence report ("PSR") concluded that Goluba's total offense level was 32 and that his criminal history category was III, resulting in a guideline range of 151 to 188 months.  Goluba objected to this calculation of his guideline range, arguing that he was entitled to a two-level reduction under U.S.S.G. § 2G2.2(b)(1).  This provision applies when a "defendant's conduct was limited to the receipt or solicitation of material involving the sexual exploitation of a minor" and the defendant "did not intend to traffic in, or distribute, such material."  The Government responded to Goluba's objection by arguing that he did not qualify for the reduction because, *inter alia*, Goluba sent a sexually graphic image to the minor in Minnesota.  Thus, his conduct was not limited merely to the receipt or solicitation of child pornography, but rather it included other acts related to sexual exploitation of children that the court ought to consider during sentencing.  The PSR agreed with the Government's reasoning.

At sentencing, the court adopted the factual findings of the PSR, overruled Goluba's objection, and found that the guideline range recommended by the PSR was proper.  The court sentenced Goluba to 151 months of imprisonment, a sentence at the bottom of the 151-to-188-month range suggested by the Sentencing Guidelines.  Goluba here appeals that decision.

## II.  STANDARD OF REVIEW

When a defendant properly preserves an objection to a sentencing guideline adjustment, as Goluba did here, this court will determine on appeal whether the district court committed "significant procedural error."  *United States v. Delgado-Martinez*, 564 F.3d 750, 753 (5th Cir. 2009).  The court reviews the district court's application and interpretation of the Federal Sentencing Guidelines *de novo* and its findings of fact for clear error.  *United States v. Mudekunye*, 646 F.3d 281, 286 (5th Cir. 2011).

3

No. 10-11301

## III.  DISCUSSION

Section 2G2.2 of the Federal Sentencing Guidelines applies to the child pornography offenses set forth in 18 U.S.C. §§ 1466A, 2252, 2252(A)(a)-(b), and 2260(b).  It states in relevant part:

(a) Base Offense Level

> (1) 18, if the defendant is convicted of 18 U.S.C. § 1466A(b), § 2252(a)(4), § 2252(a)(5), or § 2252(a)(7).

> (2) 22, otherwise.

(b) Specific Offense Characteristics

> (1) If (A) subsection (a)(2) applies; (B) the defendant's conduct was limited to the receipt or solicitation of material involving the sexual exploitation of a minor; and (C) the defendant did not intend to traffic in, or distribute, such material, decrease by 2 levels.

U.S.S.G. § 2G2.2(a), (b)(1) (2009).

The first and third elements of subsection (b)(1) are not at issue here.  The district court properly assigned Goluba a base offense level of 22 under § 2G2.2(a)(2) and the Government does not argue that Goluba intended to traffic in, or distribute, child pornography.  The Government conceded that the forensic analysis of Goluba's computers "revealed that [Goluba] did not distribute his collection of child pornography."  The key issue is whether Goluba's conduct was limited to the receipt or solicitation of child pornography within the meaning of § 2G2.2(b)(1)'s second element.

Goluba argues that, since he distributed no *material* involving the sexual exploitation of a minor, he should be eligible for the two-level reduction.  He contends that the reduction applies to defendants who are charged solely with receipt of child pornography, unless the defendant distributed or intended to distribute the pornography.  A plain reading of the guideline, Goluba argues,

suggests that a minor must be visually depicted in the material referred to in § 2G2.2(b)(1). The image Goluba sent to the minor in Minnesota, while exposing himself, did not visually depict a child. Thus, the image was not itself child pornography and its transmission cannot disqualify him from the two-level reduction provided for by § 2G2.2(b)(1).

Goluba's argument, however, erroneously emphasizes the word "material" instead of the word "conduct" in the applicable guideline. Moreover, this argument disregards the totality of the defendant's conduct.

Subsection (b)(1) offers a two-level decrease in sentencing only when the defendant's *conduct* was limited to the receipt or solicitation of material involving the sexual exploitation of a minor that the defendant did not intend to distribute. Nothing in its language suggests that the *conduct* must be limited to the conduct expressly constituting the charged offense. Rather, "the guidelines provide that in calculating the offense level the district court may consider acts in addition to the acts underlying the offense of conviction so long as those other acts constitute 'relevant conduct' as defined in the guidelines." *United States v. Fowler*, 216 F.3d 459, 461 (5th Cir. 2000). Neither do the Sentencing Guidelines require that any surrounding conduct considered by the district court necessarily is limited to "material involving the sexual exploitation of a minor."

The unindicted conduct discussed in Goluba's PSR is replete with instances that support the district court's decision to deny Goluba the two-level reduction at issue. Goluba sent a sexual photograph of himself to the child. During subsequent internet chats with the child, he instructed her to look at the bottom of the photograph, where his penis was visible. This conduct alone demonstrates that Goluba acted beyond the mere viewing or collection of child pornography. Rather than limiting his conduct to the receipt or solicitation of such images, the defendant here sought to entice minors to engage in sexually

No. 10-11301

explicit conversations and sexual acts, and discussed his interest in sexually exploiting children with others.  Goluba's conduct was not limited to that of a mere viewer of child pornography, nor was his conduct casual or isolated.  The (b)(1) reduction did not apply for his benefit.

## IV.  CONCLUSION

For the reasons discussed above, we **AFFIRM** the district court's sentence.

No. 10-11301

Harold R. DeMoss, Jr., Circuit Judge, dissenting:

The sole issue in this appeal is whether Goluba's "conduct was limited to the receipt or solicitation of material involving the sexual exploitation of a minor" within the meaning of the second element of U.S.S.G. § 2G2.2(b)(1). To answer that question, the court must first determine the type and scope of "other conduct" that the Sentencing Commission intended would prevent a defendant from qualifying for the reduction. While that issue has not yet been addressed by this circuit, or apparently any other, the majority's opinion clearly misses the mark.

The majority seems to suggest that any relevant, sexually deviant conduct by a defendant—not just conduct involving child pornography—will preclude application of § 2G2.2(b)(1)'s two-level reduction. It reasons as follows: (1) courts consider relevant conduct, as defined by the Guidelines, when determining whether a defendant qualifies for a reduction; (2) the reduction under § 2G2.2(b)(1) applies only when a defendant's conduct was limited to the receipt or solicitation of child pornography; and (3) § 2G2.2(b)(1) does not explicitly state that only conduct involving child pornography should be considered when determining whether that requirement is satisfied. Applying that standard, the majority notes that Goluba sent a sexual photograph of himself to a minor in November of 2009, and that he engaged in the online solicitation of a minor and discussed his interest in sexually exploiting children with others. The majority concludes that, in light of those acts, Goluba's conduct was not limited to "that of a mere viewer of child pornography" and he does not qualify for the reduction.

There are several problems with the majority's reasoning. First, and most glaring, the conduct that the majority contends precludes the reduction is not relevant conduct as defined by the Sentencing Guidelines. As the majority itself notes, when calculating a defendant's offense level, "the district court may consider acts in addition to the acts underlying the offense of conviction *so long*

*as* those other acts constitute 'relevant conduct' as defined by the guidelines." *United States v. Fowler*, 216 F.3d 459, 461 (5th Cir. 2000) (emphasis added); *see also* U.S.S.G. § 1B1.3(a). The Guidelines define relevant conduct as "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." § 1B1.3(a).

Goluba pleaded guilty to a one count indictment that charged him with receiving child pornography between February 1, 2010, and March 1, 2010, in violation of 18 U.S.C. § 2252(a)(2). The indictment lists the file names of two pornographic images that Goluba received. The files are dated February 25, and 27, 2010, and Goluba admitted in the factual resume accompanying his plea that he downloaded those images from the Internet. The factual resume does not discuss the photo that Goluba sent to the minor, or any of the other conduct that the majority asserts precludes the two-level reduction.

Goluba sent the picture to the minor in November of 2009, months before the time period set forth in the indictment. That conduct, therefore, could not have occurred "during the commission of the offense of conviction." § 1B1.3(a). Nor is there any indication that Goluba sent the picture in preparation to download the images he was charged for receiving, or in the course of attempting to avoid detection or responsibility for that offense. The majority also points to the fact that Goluba admitted, during his interview with Arlington police officers, that he had engaged in the online solicitation of a minor and that he had e-mail discussions about having sex with children. The PSR, however, provides no information as to when that conduct occurred. Rather, it suggests that Goluba simply admitted to having done those things at some point in the past. Consequently, there is no basis to conclude that that conduct occurred "during

the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." *Id.*

The majority also fails to provide any meaningful direction as to the type of conduct a district court should consider when determining whether a defendant's conduct was limited to the receipt or solicitation of child pornography within the meaning of § 2G2.2(b)(1). The only support the majority provides for its conclusion that the conduct considered need not involve child pornography is that § 2G2.2(b)(1) does not explicitly state otherwise. Again, § 2G2.2(b)(1) provides that, to qualify for the reduction, "the defendant's conduct [must have been] limited to the receipt or solicitation of material involving the sexual exploitation of minor." Obviously, § 2G2.2(b)(1)'s language does not explicitly exclude *any type of conduct* from being considered when determining whether that requirement is satisfied. Thus, under the majority's reasoning, the conduct need not involve the sexual exploitation of a child, or even be sexual in nature. Indeed, by that reasoning the district court can consider any conduct whatsoever when deciding whether a defendant's conduct was "limited" to the receipt or solicitation of child pornography. That standard, however, is no standard at all, and lends itself to arbitrary application of the reduction and raises serious due process concerns. *See United States v. Bacon*, 646 F.3d 218, 221–22 (5th Cir. 2011) ("A guideline violates due process only if it has no rational basis or is subject to arbitrary application.").

Finally, the majority's opinion ignores the guidance provided in the Guidelines as to the intended purpose and proper application of § 2G2.2(b)(1). The commentary accompanying Guidelines Amendment 664, which added § 2G2.2(b)(1), provides as follows:

> The amendment also provides a two-level decrease at § 2G2.2(b)(1) for a defendant whose base offense level is 22, whose conduct was limited to the receipt or solicitation of material involving the sexual

exploitation of a minor, and whose conduct did not involve an intent to traffic in or distribute the material. Thus, individuals convicted of receipt of child pornography with no intent to traffic or distribute the material essentially will have an adjusted based offense level of 20, as opposed to an offense level of 22, for receipt with intent to traffic, prior to application of any other specific offense characteristics. The Commission's review of these cases indicated the conduct involved in such "simple receipt" cases in most instances was indistinguishable from "simple possession" cases. The statutory penalties for "simple receipt" cases, however, are the same as the statutory penalties for trafficking cases. Reconciling these competing concerns, the Commission determined that a two-level reduction from the base offense level of level 22 is warranted, if the defendant establishes that there was no intent to distribute the material.

U.S.S.G. app. C, amend. 664 (2004).

The commentary makes clear that § 2G2.2(b)(1) was intended to establish an adjusted base offense level for defendant's charged with "simple receipt" of child pornography to counteract the disparity in mandatory sentences between simple receipt and simple possession offenses. Against this backdrop, and in light of the statutory framework for the offenses covered by § 2G2.2, subsection (b)(1)'s "conduct limited to" language makes perfect sense.

As the majority notes, § 2G2.2 covers the child pornography offenses set forth in 18 U.S.C. §§ 1466A, 2252, 2252A(a)–(b), and 2260(b). Sections 1466A, 2252, and 2252A group receipt of child pornography with other child pornography offenses in establishing the applicable minimum and maximum sentences, while providing separate, less severe minimum and maximum sentences for simple possession offenses. For example, under § 1466A(a) a conviction for production, distribution, *receipt*, or possession with intent to distribute child pornography requires a sentence no less than five years and no more than twenty, while a conviction for simple possession requires no minimum

sentence and a maximum sentence of ten years.[1] *See* § 1466A(a)–(b). Similarly, under § 2252 a conviction for the transportation, shipment, *receipt*, distribution, sale, or possession with intent to sell child pornography requires a minimum sentence of five years, and a maximum of twenty of years, while a conviction for simple possession requires no minimum sentence and a maximum sentence of ten years. § 2252(a)–(b). Section 2252A provides a similar framework.

Considering that § 2G2.2(b)(1) was intended to counteract the sentencing disparity between simple receipt and possession offenses, and that the statutes covered by § 2G2.2 group receipt with other child pornography offenses for the purpose of establishing mandatory sentences, it seems clear that § 2G2.2(b)(1)'s "conduct limited to" language was intended to distinguish simple receipt offenses from the offenses with which receipt is grouped for the purpose of sentencing. In other words, a defendant's conduct is limited to the receipt of child pornography within the meaning of § 2G2.2(b)(1) if his indicted and relevant conduct does not include any of the offenses that are grouped with receipt for the purpose of sentencing. Because Goluba satisfies that standard, he was entitled to the two-level reduction.

I respectfully dissent.

---

[1] The sentences become more severe for all of the offenses listed in § 1466A if the defendant has certain previous convictions. The same is true under §§ 2252 and 2252A.