# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-60537
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 10, 2016

Lyle W. Cayce
Clerk

SAMIRALI HASANALI PRASLA; KISMATBEN SAMIRALI PRASLA,

Petitioners

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of Orders of the
Board of Immigration Appeals
BIA No. A 088 734 391
BIA No. A 088 734 392

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Samirali Hasanali Prasla and Kismatben Samirali Prasla, a married couple who are both natives and citizens of India, seek review of decisions of the Board of Immigration Appeals (BIA). We review de novo the BIA's conclusion that the Immigration Judge (IJ) properly determined he lacked jurisdiction to consider on remand the Praslas's amended application for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

asylum, withholding of removal, and relief under the United Nations Convention Against Torture and other Cruel, Inhuman or Degrading Treatment or Punishment (CAT). *See Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002). Under *Bianco v. Holder*, 624 F.3d 265, 274 (5th Cir. 2010), the BIA properly applied *Matter of Patel*, 16 I. & N. Dec. 600 (BIA 1978), to find that it had specifically limited the scope of the remand to the Praslas's request for voluntary departure. We will not, as the Praslas urge, overrule a decision of another panel of this court. *See United States v. Fowler*, 216 F.3d 459, 461 (5th Cir. 2000).

Although the Praslas cite the standard of review for denials of motions to reopen, they do not identify any error in the BIA's analysis denying their motion to reopen and so have waived a challenge on this issue. *See* FED. R. APP. P. 28(a)(8); *Silva-Trevino v. Holder*, 742 F.3d 197, 199 (5th Cir. 2014).

Additionally, the Praslas fail to show that the BIA abused its discretion in denying as untimely their motion for reconsideration of its May 2012 decision. *See Chambers v. Mukasey*, 520 F.3d 445, 448 (5th Cir. 2008). The Praslas's arguments ignore the fact that the BIA's May 2012 decision dismissing their appeal of the denial of asylum, withholding of removal, and CAT relief was a final decision on those issues. *See* 8 C.F.R. § 1003.1(d)(7). Because the order was a final decision, the Praslas's motion for reconsideration, filed more than two years after the BIA mailed the decision, was untimely and the BIA acted within its discretion in denying it. *See* 8 C.F.R. § 1003.2(b)(2). The Praslas brief no argument regarding the BIA's denial of the motion for reconsideration of its July 2014 decision and so have waived this issue as well. *See Silva-Trevino*, 742 F.3d at 199.

The petition for review is DENIED.