# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-50563
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 3, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERTO ANTONIO TITSWORTH,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:15-CR-432-1

Before DAVIS, BENAVIDES, and OWEN, Circuit Judges.

PER CURIAM:*

Roberto Antonio Titsworth appeals the 72-month sentence imposed after his guilty plea conviction for possession with intent to distribute cocaine. He maintains that his sentence, which resulted from the district court upwardly varying from the guidelines range, is substantively unreasonable. Because he did not challenge the reasonableness of his sentence in the district court, our review is for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50563

Titsworth contends that the district court gave inordinate weight to his criminal history, which involved remote convictions, and did not properly take into account his personal history and circumstances. He also argues that the district court unfairly punished him for relevant conduct and that his sentence was greater than necessary to provide adequate deterrence, protect the public, and provide him with needed training, medical care, or correctional treatment.

He has failed to establish that the district court plainly erred in varying upwardly from the guidelines range. *See Puckett*, 556 U.S. at 135. The district court had an adequate basis for the sentence imposed and was guided by the 18 U.S.C. § 3553(a) factors in deciding that an upward variance was merited. Titsworth's criminal history was an appropriate factor for the district court to consider in imposing an upward variance, *see United States v. Smith*, 440 F.3d 704, 709 (5th Cir. 2006), and the district court did not have to afford any aspect of his history and personal circumstances dispositive weight, *see United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008). Also, the district court could consider the relevant conduct set forth in the presentence report, which Titsworth did not establish was materially untrue, inaccurate, or unreliable. *See United States v. Zuniga*, 720 F.3d 587, 591 (5th Cir. 2013); *United States v. Fowler*, 216 F.3d 459, 461 (5th Cir. 2000); U.S.S.G. § 1B1.3(a)(1)(A). To the extent that he disagrees with his sentence and the manner in which the district court weighed the § 3553(a) factors, he has not shown error. *See Gall v. United States*, 522 U.S. 38, 51 (2007). His sentence, which was 15 months above the top of the applicable advisory guidelines range, was not so disproportionate as to overcome the factors that warranted its imposition. *See United States v. Brantley*, 537 F.3d 347, 348-50 (5th Cir. 2008).

AFFIRMED.