# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 10, 2009

Charles R. Fulbruge III
Clerk

No. 08-10120

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

v.

TIFFANY MICHELLE JOHNSTON,

                                        Defendant-Appellant.

---

Appeal from the United States District Court
for the Northern District of Texas

---

Before SMITH and SOUTHWICK, Circuit Judges, and RODRIGUEZ, District Judge.[*]

JERRY E. SMITH, Circuit Judge:

Tiffany Johnston ("Tiffany") appeals her sentence. We vacate and remand for resentencing.

---

[*] District Judge of the Western District of Texas, sitting by designation.

I.

Tiffany's husband Jason Johnston, along with Cleties Conley, escaped from prison and made their way to a friend's house. Jason called Tiffany to pick him up and asked her to bring his handgun. She obligingly packed the weapon in the trunk of her car, loaded her son into the back seat, and collected the escapees. Once on the road, Jason retrieved his gun from the trunk.

Law enforcement officers initiated a traffic stop and ordered the foursome to exit the vehicle. Tiffany pulled over and opened the door to comply, but Jason fired a shot toward the officers. Tiffany slammed the door and sped away, then stopped in a parking lot and indicated that she would surrender. She, her son, and Conley got out of the car; Jason drove off alone and was caught.

Tiffany pleaded guilty of aiding and abetting the possession of a firearm by a convicted felon. Section 2K2.1 of the United States Sentencing Guidelines, which outlines the penalty for various firearm offenses, includes a cross-reference that substitutes the guideline sentence of another offense if the firearm was used "in connection with" that other offense. Because the gun Tiffany transferred to her husband was used to fire at a police officerSSan attempted murder SSthe district court followed the cross-reference and sentenced her for attempted murder. After several adjustments,[1] the court determined a criminal history category of I and a total offense level of 38, yielding a guideline range of 235-293 months of imprisonment.

The statutory maximum for Tiffany's crime, aiding and abetting the pos-

---

[1] The base offense level for attempted murder is 33. The court applied a six-level upward adjustment because the target of the attempted murder was a police officer; a two- level upward adjustment for obstruction of justice; and a three-level downward adjustment for acceptance of responsibility.

session of a firearm by a convicted felon, is 120 months. The district court granted two motions for downward departure: one from the government for Tiffany's assistance in Jason's prosecution and one from Tiffany for various background factors (e.g., spousal abuse). As a result, the court imposed a sentence of 96 months.

Tiffany argues that the court should not have followed the cross-reference. She contends that, if sentenced under the firearm section (rather than the attempted murder section), she would have a criminal history category I and total offense level 17, for a sentencing range of 24-30 months.

## II.

We review the interpretation and application of the guidelines de novo. United States v. Mitchell, 366 F.3d 376, 378 (5th Cir. 2004). We first determine the correct interpretation of the cross-reference and then turn to whether the district court properly applied it.

The cross-reference at issue states,

> If the defendant . . . transferred a firearm . . . with knowledge or intent that it would be used or possessed in connection with another offense, apply . . . § 2X1.1 (Attempt, Solicitation, or Conspiracy) in respect to that other offense, if the resulting offense level is greater than that determined above . . . .

U.S.S.G. § 2K2.1(c)(1) (emphasis added). Section 2X1.1, in turn, directs the district court to § 2A2.1 (Assault with Intent to Commit Murder; Attempted Murder).

The primary question is the meaning of the cross-reference's "knowledge

or intent" requirement.[2]  Tiffany admits that she transferred the gun to Jason with knowledge that it would be possessed in connection with the escape[3] but denies that she knew or intended that it would be used in connection with attempted murder.  In response, the government relies on Application Note 14:

> "In Connection With".SS
>     (A) In General - Subsections (b)(6) and (c)(1) apply if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense or another offense, respectively.

U.S.S.G. § 2K2.1 cmt. n.14.[4]  The government, quoting the language of the application note, claims that Tiffany did know that the firearm "had the potential of facilitating" attempted murder, so the cross-reference should be followed.

---

[2] The government briefly raises an alternative justification for affirming that avoids the "knowledge or intent" issue.  It argues that the attempted murder was relevant conduct within the scope of § 1B1.3 (Relevant Conduct), which provides that "[u]nless otherwise specified . . . cross references . . . shall be determined on the basis of . . . all acts . . . aided [and] abetted" and "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity . . . ."  The government suggests that the cross-reference should be followed, because Tiffany aided and abetted the attempted murder by transferring the gun and because the attempted murder was a "reasonably foreseeable" act in furtherance of the escape.

That is incorrect, because § 1B1.3(a) applies only "unless otherwise specified."  And § 2K2.1 does otherwise specify that the cross-reference should be followed only where the defendant transferred a firearm knowing or intending it to be used in connection with another offense.  Cf. United States v. Gonzales, 996 F.2d 88, 91-92 (5th Cir. 1993) (finding that § 2K2.1-(c)(1) "otherwise specified" because the offenses that could be considered were broader than the relevant-conduct offenses).

[3] If the district court followed the cross-reference based on Tiffany's transferring the firearm to aid in the escape, it would point to § 2P1.1 (Escape, Instigating or Assisting Escape).  Because the assisting-escape offense calculation does not result in a greater offense level than does the firearm calculation, the cross-reference is not followed.

[4] "[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline."  Stinson v. United States, 508 U.S. 36, 38 (1993).

The government's construction of the cross-reference is in error. Application Note 14 clarifies the meaning of the "in connection with" phraseSSspecifically, the firearm must have facilitated or had the potential of facilitating another offense.[5] The note does not change the requirement that the defendant transferred the firearm with the "knowledge or intent" that it would be "used or possessed" for that other offense. To follow the cross-reference and apply the sentence for another offense, the district court must find two elements: that (i) the firearm facilitated or had the potential to facilitate another offense, and (ii) the defendant transferred the firearm knowing or intending it to be used or possessed for that offense. Stated another way, it is not enough for the defendant to know that the firearm is capable of facilitating another offense; he must know that the firearm will be used to facilitate or potentially facilitate that offense.[6]

Thus, in the present case, the cross-reference should be followed only if Tiffany transferred the gun knowing[7] that Jason would shoot at anyone who tried to stop him. On the other hand, if Tiffany knew a firearm could potentially facilitate attempted murder, but did not know Jason would make such an attempt, then the cross-reference should not be followed. The cross-reference also

---

[5] The clarification of the "in connection with" language is significant in cases in which the firearm was not actually used during an offense but had the potential to facilitate it. The Amendment commentary for Application Note 14 instructs, for example, that the cross-reference applies where a defendant "takes a firearm during the course of [a] burglary, even if the defendant did not engage in any other conduct with that firearm during the course of the burglary." U.S. SENTENCING GUIDELINES MANUAL, Supplement to Appendix C, Amendment 691.

[6] The meaning of "offense" is broad. The defendant need not know the specific details of the offense that will be committed. See, e.g., United States v. Cobb, 250 F.3d 346, 348-50 (6th Cir. 2001) (affirming cross-reference for attempted murder where recipient of gun did not use it to kill the person defendant intended to be killed).

[7] Neither the district court nor the government appears to suggest that Tiffany intended for Jason to attempt murder.

5

should not be followed if Tiffany should have known (but did not actually know) Jason would attempt murder.[8]

The district court did not properly apply the cross-reference. In its statement of reasons, it indicated that it adopted the presentence report, which concluded that the cross-reference applied because "the defendant knew or should have known that providing the firearm to [Jason] would allow him to use the firearm against law enforcement during the escape" (emphasis added). Additionally, during the sentencing hearing, the court agreed with the government's statement that "[t]he question is did [the firearm] facilitate or did it have the potential to facilitate an attempted murder." Both are impermissible grounds for following the cross-reference.

We therefore VACATE the judgment of sentence and REMAND for resentencing consistent with this opinion. We express no view on what sentence the district court should impose on remand.

---

[8] The cross-reference is triggered only where there is intent or knowledge; it is not followed where the defendant merely had reason to believe the firearm would be used to commit another offense. By comparison, U.S.S.G. § 2K2.1(b)(6), also addressed by Application Note 14, explicitly includes such situations: "If the defendant . . . transferred any firearm . . . with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense, increase by 4 levels. If the resulting offense level is less than level 18, increase to level 18" (emphasis added).