# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 22, 2013

Lyle W. Cayce
Clerk

No. 12-40593
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICARDO OYERVIDES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:12-CR-60-1

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Ricardo Oyervides pleaded guilty to making a false statement in connection with the purchase of a firearm, in violation of 18 U.S.C. § 924(a)(1)(A). The pre-sentencing report (PSR) determined that, pursuant to U.S.S.G. § 2K2.1(c)(1)(A), cross-reference to the guideline for another offense was appropriate because Oyervides "possessed or transferred a firearm or ammunition with knowledge or intent that it would be used or possessed in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

connection with another offense," here the illegal exportation of firearms to Mexico. The PSR therefore applied § 2M5.2(a)(1), the guideline for the offense of illegal exportation of firearms, which provided for a higher base offense level than Oyervides would have received without the cross-reference. Oyervides objected to the application of the cross-reference on the ground that there was no evidence that he knew the firearms would be unlawfully exported to Mexico. The district court overruled the objection and imposed a sentence based on the cross-reference. Oyervides timely appealed. We AFFIRM.

Oyervides raises three issues on appeal. First, Oyervides argues that the district court's application of the § 2K2.1(c)(1) cross-reference was error because the record does not support the conclusion that he transferred firearms to his friend with the "knowledge or intent" that they would be used in connection with the offense of illegal exportation of firearms. In construing the knowledge requirement of § 2K2.1(c)(1), it is not necessary to find that the defendant knew the specific details of the offense that was to be committed. *United States v. Johnston*, 559 F.3d 292, 295 n.6 (5th Cir. 2009). The record shows that Oyervides's friend Chris Santos asked Oyervides to help him because he was in trouble with men from Mexico, that he had already bought guns for those men, that the men had threatened to kill his family if he did not obtain more weapons for them, and that he needed specifically to buy them AK-47s, a highly trafficked weapon. Based on this evidence, the district court's finding that Oyervides knew or intended that the weapons he purchased would be illegally exported to Mexico was plausible. *See United States v. Hicks*, 389 F.3d 514, 529 (5th Cir. 2004) (holding that we review a district court's factual findings in applying § 2K2.1(c) for clear error). Accordingly, the court's application of the § 2K2.1(c)(1)(A) cross-reference was not error.[1]

---

[1] Oyervides also argues that the district court applied the wrong legal standard by discussing what Oyervides "should have known" or had "reason to believe." Although the

No. 12-40593

Second, Oyervides argues that the district court applied an incorrect version of the Guidelines, which application resulted in an ex post facto violation. Specifically, he contends that even if application of the cross-reference to § 2M5.2 was correct, the district court erred in applying the 2011 version of § 2M5.2, rather than the 2010 version that was in effect at the time he committed the offense. It is undisputed that application of the 2010 Guidelines would not have triggered the § 2K2.1(c)(1)(A) cross-reference, while application of the 2011 Guidelines would. Thus, Oyervides reasons that the district court's application of the 2011 version constituted an ex post facto violation. Because Oyervides did not raise this issue below, we review for plain error. *See United States v. Murray*, 648 F.3d 251, 253 (5th Cir. 2011).

The general rule is that "a district court should apply the edition of the Guidelines Manual in effect on the date the defendant is sentenced, unless the application of such Guideline Manual would violate the ex post facto clause of the Constitution, in which event, the Guidelines in effect on the date of the offense should be used." *United States v. Armstead*, 114 F.3d 504, 507 (5th Cir. 1997); U.S.S.G. § 1B1.11(a)–(b). Oyervides concedes that, on plain error review, his argument may be foreclosed by our recent case law following *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), which rendered the Guidelines merely advisory. In *United States v. Castillo-Estevez*, 597 F.3d 238, 241 (5th Cir. 2010), we held that in light of *Booker*, there is a reasonable dispute as to whether ex post facto claims can arise from the application of amended sentencing guidelines, and therefore the application of amended guidelines in

---

district court did refer to such language in passing, it nevertheless ultimately found that Oyervides had actual knowledge of the illegal exportation, stating, "I think, here, you knew what was happening with these firearms. They're going to Mexico." Thus, the district court applied the proper legal standard. *See Johnston*, 559 F.3d at 296 (vacating and remanding where the district court applied § 2K2.1(c)(1)(A) on the basis of what defendant "knew or should have known").

that case did not rise to the level of plain error. *See also Murray*, 648 F.3d at 253–54 (citing *Castillo-Estevez* for the proposition that *Booker* "made it unclear and subject to reasonable dispute whether the ex post facto clause prohibits the application of a new advisory guideline to a crime committed before the guideline's effective date," and thus there was no plain error in applying a new guideline); *United States v. Marban-Calderon*, 631 F.3d 210, 211–12 (5th Cir. 2011) (holding that because *Castillo-Estevez* controls, it was not plain error to apply an amended version of the Guidelines). Oyervides's only argument is that *Castillo-Estevez* was wrongly decided. However, "[i]t is a firm rule of this circuit that in the absence of an intervening contrary or superseding decision by this court sitting en banc or by the United States Supreme Court, a panel cannot overrule a prior panel's decision." *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999). Accordingly, Oyervides's plain-error challenge is both controlled by and unavailing under the above-cited cases. We hold that the district court did not plainly err in applying the 2011 Guidelines.

Finally, Oyervides contends that even if the district court correctly applied the § 2K2.1(c)(1)(A) cross-reference and correctly applied a base offense level under § 2M5.2, it erred in failing to award him a three-level reduction for attempted offenses, pursuant to § 2X1.1(b)(1), because he did not complete the offense of illegal exportation. Oyervides did not raise this issue below, and thus we review for plain error. *See Murray*, 648 F.3d at 253.

The § 2K2.1(c)(1) cross-reference provision directs the sentencer to § 2X1.1, which in turn dictated use of § 2M5.2 for Oyervides. Section 2M5.2 does not contain any specific characteristic adjustments. Oyervides contends that, after calculating the base offense level under § 2M5.2, the district court should have returned to the conspiracy guideline, § 2X1.1, and awarded him a three-level reduction as provided for under § 2X1.1(b)(1). In response, the Government argues that Oyervides's argument is barred by the plain language of § 2X1.1(c),

which is titled "Cross Reference" and states that "[w]hen an attempt, solicitation, or conspiracy is expressly covered by another offense guideline section, apply that guideline section."

We have never addressed the applicability of a three-level § 2X1.1(b)(1) "attempt" reduction following the application of a § 2K2.1(c)(1) cross-reference. However, we decline to establish a bright-line interpretation of these guideline sections, because we conclude that the district court's implied reading of the Guidelines was not plain error. In particular, we conclude that it is reasonable to interpret § 2X1.1(c) as meaning that because Oyervides's attempted offense was covered by another guideline section, § 2M5.2, only § 2M5.2 should be applied. As such, there was no plain error when the district court failed to return to the conspiracy guideline § 2X1.1 and award Oyervides a three-level reduction. Our conclusion that such an interpretation is not plainly erroneous is sufficient to resolve this issue. *See United States v. Rodriguez-Parra*, 581 F.3d 227, 231 (5th Cir. 2009) (explaining that an error is plain where it is "clear or obvious, rather than subject to reasonable dispute" (internal quotations, citations, and alteration omitted)).

AFFIRMED.

5