# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 16, 2013

No. 12-40845
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HERIBERTO CABALLERO, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:11-CR-1834-1

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Heriberto Caballero, Jr., pleaded guilty to one count of making false statements to a federal firearms licensee during the acquisition of a firearm, in violation of 18 U.S.C. § 924(a). The pre-sentencing report (PSR) determined that, pursuant to U.S.S.G. § 2K2.1(c)(1)(A), cross-reference to the guideline for another offense was appropriate because Caballero "knew that the firearms [he purchased] were being illegally smuggled into Mexico." The PSR therefore

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-40845

applied § 2M5.2(a)(1), the guideline for the offense of illegal exportation of firearms, which provided for a higher base offense level than Caballero would have received without the cross-reference. Caballero challenged the PSR's finding that he knew the guns he purchased were headed to Mexico and objected to the application of the cross-reference based on that finding. The district court adopted the findings and conclusions of the PSR, implicitly overruling Caballero's objection. The court imposed a sentence based on the cross-reference. Caballero timely appealed. We AFFIRM.

Caballero raises two issues on appeal. First, he argues that the district court's application of the § 2K2.1(c)(1) cross-reference was error because the record does not support the conclusion that he transferred firearms with the "knowledge or intent" that they would be used in connection with the offense of illegal exportation of firearms. We review a district court's factual findings in applying § 2K2.1(c) for clear error. *See United States v. Hicks*, 389 F.3d 514, 529 (5th Cir. 2004).[1] There is no clear error "[i]f the district court's account of the evidence is plausible in light of the record viewed in its entirety." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573–74, 105 S. Ct. 1504, 1511 (1985). In construing the knowledge requirement of § 2K2.1(c)(1), it is not necessary to find

---

[1] Caballero argues on appeal that he is entitled to *de novo* review on this issue. The Government responds that the proper standard of review is plain error because Caballero did not raise the issue below. *See United States v. Murray*, 648 F.3d 251, 253 (5th Cir. 2011). Neither party is entirely correct. Although Caballero's arguments below challenging the sentencing enhancements and the application of the cross-reference were somewhat conflated, his challenge to the district court's application of the cross-reference based on his mens rea is sufficient to preserve the argument for appeal.

However, Caballero's argument that *de novo* review applies is incorrect. Although review of the district court's legal interpretation of the Sentencing Guidelines is subject to *de novo* review, the court's underlying factual findings during sentencing are reviewed for clear error. *See Hicks*, 389 F.3d at 529; *United States v. Mitchell*, 166 F.3d 748, 754 n.24 (5th Cir. 1999). Here, the district court applied the proper legal standard when it adopted the PSR, which expressly found that Caballero "*knew* that the firearms were being illegally smuggled into Mexico." (Emphasis added.) Thus, we review only for clear error whether Caballero had the requisite knowledge or intent to trigger a § 2K2.1(c)(1) cross-reference.

that the defendant knew the specific details of the offense that was to be committed. *United States v. Johnston*, 559 F.3d 292, 295 n.6 (5th Cir. 2009).

As stated by the PSR, the record shows that Caballero knew that the firearms he purchased would be illegally exported to Mexico because of

> the proximity of the border, [and] the type and nature of how the weapons were purchased. Moreover, this investigation revealed that some of the firearms purchased are of the type highly trafficked as they are sought by drug cartels in Mexico. Additionally, there is no record that anyone involved secured a license to export these weapons into Mexico. Thus, the offense would have the potential to facilitate the felony offense of exportation of arms without required validated export license.

Perhaps most compelling of all, Caballero expressly told a federal agent that "he believed the firearms he was purchasing were going somewhere bad and had an idea that they may be going to Mexico." Based on this evidence, the district court's finding that Caballero knew that the weapons he purchased would be illegally exported to Mexico was plausible. Accordingly, the court's application of the § 2K2.1(c)(1)(A) cross-reference was not clear error.

Second, Caballero contends that even if the district court correctly applied the § 2K2.1(c)(1)(A) cross-reference, it erred in failing to award him a three-level reduction pursuant to § 2X1.1(b) because he did not complete the offense of illegal exportation. Caballero did not raise this issue below, and thus we review for plain error. *See Murray*, 648 F.3d at 253. The § 2K2.1(c)(1)(A) cross-reference provision directs the sentencer to § 2X1.1, which in turn dictated use of § 2M5.2 for Caballero. Section 2M5.2 does not contain any specific characteristic adjustments. Caballero implicitly contends that, after calculating the base offense level under § 2M5.2, the district court should have returned to the conspiracy guideline, § 2X1.1, and awarded him a three-level reduction as provided for under § 2X1.1(b).

No. 12-40845

We have never addressed the applicability of a three-level § 2X1.1(b) reduction following the application of a § 2K2.1(c)(1) cross-reference. We conclude that the district court's implied reading of the Guidelines was not plain error. In particular, we conclude that it is reasonable to interpret § 2X1.1(c), encaptioned "Cross Reference," as meaning that because Caballero's attempted offense was covered by another guideline section, § 2M5.2, only § 2M5.2 should be applied. As such, there was no plain error when the district court failed to return to the guideline § 2X1.1 and award Caballero a three-level reduction. Our conclusion that such an interpretation is not plainly erroneous is sufficient to resolve this issue. *See United States v. Rodriguez-Parra*, 581 F.3d 227, 231 (5th Cir. 2009) (explaining that an error is plain where it is "clear or obvious, rather than subject to reasonable dispute" (internal quotations, citations, and alteration omitted)).[2]

AFFIRMED.

---

[2] On appeal, the parties focus their arguments on whether the record establishes that Caballero completed the offense of unlicensed exportation of firearms so as to preclude a § 2X1.1(b) reduction, and whether the district court's failure to apply the reduction affected Caballero's substantial rights. We need not resolve those arguments because we conclude that it was not plain error for the district court to fail to consider a § 2X1.1(b) reduction at all.