# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

———

No. 17-10461

———

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

LEEROY WILBERT ROGERS,

      Defendant - Appellant

———

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CR-365-1

———

United States Court of Appeals
Fifth Circuit
**FILED**
April 4, 2018
Lyle W. Cayce
Clerk

Before ELROD, COSTA, and HO, Circuit Judges.

PER CURIAM:*

      Leeroy Wilbert Rogers was convicted of being a felon in possession of a firearm. His appeal challenges the application of a cross-reference provision to his sentence that held him responsible for possessing the gun "with knowledge or intent that it would be used or possessed in connection with" a robbery. U.S.S.G. § 2K2.1.

———

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10461

I.

On the morning of March 31, 2016, Kenneth Moore and Reshon McCullough robbed a hotel, threatening the manager at gunpoint. Rogers drove the getaway car. The following day, police officers found Rogers driving the same car with Moore and McCullough as his passengers. Officers stopped the car and found a gun later identified as the gun used in the robbery on the driver's side floorboard. All three were arrested.

When questioned by a detective, Rogers denied involvement in the robbery.[1] He asserted that the gun belonged to Moore but admitted that he had handled it "the day before on March 31." Rogers explained that "Moore or another of the 'homeboys' had the firearm, and Rogers asked to see it." Because of Rogers's criminal history, he was charged with being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1). Rogers pleaded guilty.

The presentence report (PSR) summarized the facts of the hotel robbery, including Rogers's admission that he handled the firearm the day of the robbery. It also determined that Rogers was the getaway driver. Based on Rogers's admission and a comparison of the seized firearm to what can be seen in the surveillance video of the robbery, the PSR concluded that the firearm Rogers possessed at the time of his arrest was the same one Moore used during the robbery.

Based on these findings, the PSR applied the section 2K2.1(c)(1)(A) cross-reference provision. The PSR stated that the cross reference applies "[i]f the defendant used or possessed any firearm . . . with . . . intent that it would be used in connection with another offense." U.S.S.G. § 2K2.1(c). It concluded that standard was met and that "the substantive offense is Aggravated Robbery; therefore USSG § 2B3.1 Robbery becomes the applicable guideline."

---

[1] Rogers was charged with aggravated robbery in state court.

No. 17-10461

Application of the cross reference resulted in an advisory range of 70 to 87 months.

Rogers objected. He argued that the PSR improperly applied the cross reference because there was insufficient evidence both that he possessed the firearm before the robbery and that he possessed it with knowledge or intent that it would be used in the robbery. Without the cross reference, the Guidelines range would be 51 to 63 months.

In her response to the objection, the probation officer maintained that applying the cross reference was appropriate. The officer contended that there was sufficient, reliable evidence that the gun Rogers possessed when he was arrested was the same gun that was used in the robbery, thereby "establishing relevant conduct to the instant offense, by way of the same course of conduct." She explained that to apply the cross reference "the court must consider the relationship between the instant offense and the other offense, consistent with relevant conduct principles, as well as if the firearm used in the other offense was the firearm cited in the offense of conviction." The officer concluded that these factors were satisfied.

At the sentencing hearing, an ATF agent testified that the gun found in the car Rogers was driving was the gun used in the robbery because they both "have a loop on the hammer." Rogers's counsel then argued that the cross reference should not apply because the evidence was insufficient to show that Rogers possessed the gun before the robbery and that he possessed it with knowledge or intent that it would be used in the robbery. The district court overruled the objection "based on the testimony which [it] credit[ed] and the contents of the PSR and the addendum." The court then sentenced Rogers to 78 months in prison, which was reduced to 73 months to account for time Rogers spent in state custody prior to his transfer to federal custody.

3

No. 17-10461

II.

The Guidelines section that generates the offense level for unlawful possession of a firearm contains a number of provisions focused on features of the firearms themselves—what type, how many, are they stolen?  *See* U.S.S.G. § 2K2.1.  But if the defendant unlawfully possessed the firearm in connection with another offense or "possessed or transferred" it "with knowledge or intent that it would be used or possessed in connection with another offense," then the Guidelines will incorporate the offense level applicable to that other offense.  *Id.* § 2K2.1(c)(1).

Rogers challenges the use of that provision to substitute the offense level governing robbery for that of unlawful possession of a firearm.  He argues that the district court applied the incorrect legal standard.  The district court did not announce the standard it was applying.  The PSR that it adopted sends mixed signals.  On the one hand, the PSR recited the relevant cross-reference standard in stating it applies if "the defendant possessed any firearm with intent that it would be used in connection with another offense."  But in responding to Rogers's objection, the addendum invoked "relevant conduct principles."

Although the two inquiries may sometimes overlap, the cross reference requires more than a finding of relevant conduct would.  *United States v. Johnston*, 559 F.3d 292, 294 n.2 (5th Cir. 2009).  Relevant conduct for jointly undertaken criminal activity is largely about foreseeability.  *See* U.S.S.G. § 1B1.3(a)(1)(B)(iii).  But the section 2K2.1(c)(1) cross reference requires that the defendant possess the firearm with actual knowledge or intent that it will be used or possessed in connection with the other offense.  *Johnston*, 559 F.3d at 295–96.  On these facts, the difference is largely one of timing.  Did Rogers possess the firearm on the morning of March 31 before the robbery occurred?  Or did he only come to possess Moore's gun during the getaway after the

robbery was complete?  Neither the PSR nor the district court at sentencing made a finding that Rogers was in possession of his confederate's firearm before the hotel was robbed.  Resolution of this question is not apparent from the record as competing inferences can be drawn from the facts.  Because the unresolved timing question is critical for application of the cross reference that substantially increased Rogers's Guidelines exposure, remand is appropriate to allow the factfinder to make that assessment in the first instance.  *Id.* at 296 (remanding when the section 2K2.1(c)(1) cross reference was improperly applied based on a  finding that the defendant "should have known" that providing the firearm to another would result in its use in a crime); *United States v. Jiminez*, 582 F. App'x 378, 382–84 (5th Cir. 2014) (also remanding when a court applied the wrong standard in applying the cross reference).

\* \* \*

We therefore VACATE the sentence and REMAND for resentencing consistent with this opinion.